TEXAS STING, LTD. and Michael
Konderla, Appellants,

v.

R.B. FOODS, INC., Appellee.

No. 04–01–00277–CV.

Court of Appeals of Texas,
San Antonio.

June 5, 2002.

**646**

From the County Court at Law No. 3, Bexar County, Shay Gebhardt, Judge.[1]

Frank P. Hernandez, Attorney At Law, for Appellant.

Brad L. Sklencar Lotz & Associates, P.C., Kevin M. Warburton, The Gardner Law Firm, San Antonio, for Appellee.

Sitting: CATHERINE STONE, Justice, PAUL W. GREEN, Justice, SANDEE BRYAN MARION, Justice.

**OPINION**

CATHERINE STONE, Justice.

This is an appeal from a dismissal for want of prosecution and a default judgment. The appellants, Texas Sting, Ltd. and Michael Konderla, filed a verified motion for new trial seeking to set aside the dismissal and the default judgment on the grounds that they had no notice of either the dismissal docket setting or the trial setting on appellee's, R.B. Foods's, counterclaims. The trial court denied the motion and appellants brought this appeal. On appeal, appellants contend the trial court should have granted their motion for new trial because the court denied them due process by not providing them with notice of either proceeding. We affirm the trial court's order denying appellants' motion for new trial in part and reverse it in part. We affirm the trial court's ruling with respect to the dismissal for want of prosecution, but we reverse the trial court's ruling with respect to the default judgment. The cause is remanded to the trial court for further proceedings on R.B. Foods's counterclaims.

**BACKGROUND**

The appellants sued R.B. Foods for breach of an agreement transferring rights between the parties to trademarked specialty food products. On the original petition, counsel for appellants, Frank P. Hernandez, listed his address as 716 Wayne, Dallas, Texas 75223–1645.[2] R.B. Foods filed a counterclaim asserting numerous causes of action. Nearly three years after appellants filed suit, their case was set on a dismissal docket. The county clerk

---

1. Judge Gebhardt signed the default judgment and the order denying appellants' motion for new trial. The Honorable Irene Rios signed the order of dismissal.

2. When Hernandez filed the petition, he attached a letter also listing the same address.

mailed notice of the October 2000 docket call to Hernandez. The clerk did not mail notice to Hernandez's address as listed on the petition, but rather mailed notice to Hernandez's address as listed in the clerk's register of attorneys—Hernandez's former address at 1714 Browder St., Dallas, Texas 75215–2011. When Hernandez did not appear for docket call, the trial court reset the case for the dismissal docket in November 2000. The clerk mailed notice of this resetting to Hernandez, but once again, mailed the notice to counsel's former address. When Hernandez did not appear at the second docket call, the trial court dismissed the case for want of prosecution. The trial court also set R.B. Foods's counterclaims for trial. On December 6, 2000, the post office returned to the clerk's office the undelivered notice to Hernandez informing him of the November docket call.

When appellants did not appear for the trial on R.B. Foods's counterclaims, the trial court entered a default judgment in favor of R.B. Foods. Two days later, appellants received a copy of the default judgment from R.B. Foods. This was appellants' first notice of the court's order of dismissal and the default judgment.[3] Upon receipt of the information, Hernandez immediately contacted the Bexar County Clerk's office asking why he had not received notice of the two docket calls or the trial setting on R.B. Foods's counterclaims. The clerk's office informed

Hernandez that it had mailed notice of the proceedings to Hernandez's former address.

Appellants filed a motion for new trial seeking to set aside the dismissal and default judgment on the grounds that they had no notice of either the dismissal docket setting or the trial on R.B. Foods's counterclaims. The trial court denied the motion for new trial and appellants brought this appeal, raising two issues. First, appellants contend the trial court should have granted their motion for new trial because they were denied due process when the court failed to provide them with notice of either proceeding. Second, appellants contend the trial court erroneously considered evidence that was not properly before the court at the hearing on the motion for new trial.

DISCUSSION

**A. Jurisdiction**

■ As a preliminary matter, R.B. Foods argues that appellants failed to perfect an appeal of the dismissal order. R.B. Foods contends that because the notice of appeal referred only to the date of the default judgment and not the date of the dismissal order, appellants failed to comply with Rule 25.1(d)(2) of the Texas Rules of Appellate Procedure. TEX.R.APP. P. 25.1(d)(2) (requiring appellant to include the date of the judgment or order appealed from). R.B. Foods's argument, howev-

---

**3.** Two weeks before they received the copy of the default judgment, appellants were in negotiations for discovery on their motion to take the deposition of a non-party. In fact, R.B. Foods had corresponded with appellants and agreed to appellants' proposed discovery shortly before the trial on R.B. Foods's counterclaims. At no time during its correspondence with appellants did R.B. Foods indicate that the trial court had dismissed appellants' case or that R.B. Foods's counterclaims were set for trial on January 22, 2001. Similarly, it

does not appear from the record that counsel for R.B. Foods ever attempted to contact appellants' counsel before the dismissal order and default judgment were entered, despite the Lawyer's Creed provision that a lawyer "will not take advantage, by causing any default or dismissal to be rendered, when [the lawyer] know[s] the identity of an opposing counsel, without first inquiring about that counsel's intention to proceed." TEXAS LAWYER's CREED III(11).

er, ignores the fact that a final judgment may consist of several orders that cumulatively dispose of all the parties and issues.[4] *See Noorian v. McCandless,* 37 S.W.3d 170, 173 (Tex.App.-Houston [1st Dist.] 2001, pet. denied). Thus, there is no jurisdictional error under the circumstances.

## B. Standard of Review

■ The appellants filed a motion for new trial seeking to set aside the dismissal and the default judgment. The trial court denied the motion. We review the trial court's denial of a motion for new trial under an abuse of discretion standard. *Strackbein v. Prewitt,* 671 S.W.2d 37, 38 (Tex.1984). An abuse of discretion occurs when the trial court acts without reference to any guiding rules or principles. *Morrow v. H.E.B., Inc.,* 714 S.W.2d 297, 298 (Tex.1986).

## C. Dismissal For Want of Prosecution

■ Appellants claim the trial court should have set aside the dismissal order because the court failed to provide them with notice of the dismissal docket setting. A court may dismiss a case for want of prosecution under Texas Rule of Civil Procedure 165a when a litigant: (1) fails to appear; or (2) fails to comply with the supreme court time standards. Tex.R. Civ. P. 165a(1), (2). Additionally, a court may dismiss a case pursuant to its inherent power. Tex.R. Civ. P. 165a(4); *Franklin v. Sherman Indep. Sch. Dist.,* 53 S.W.3d 398, 401 (Tex.App.-Dallas 2001, pet. denied) (citing *Villarreal v. San Antonio Truck & Equip.,* 994 S.W.2d 628, 630 (Tex.1999)). Regardless of the grounds for dismissal, a trial court is generally required to provide notice and conduct an oral hearing before it can dismiss a case.

*Villarreal,* 994 S.W.2d at 630; *Franklin,* 53 S.W.3d at 401; *Jimenez v. Transwestern Prop., Co.,* 999 S.W.2d 125, 128 (Tex. App.-Houston [14th Dist.] 1999, no pet.). The failure to provide notice deprives the litigant of the right to be heard, and is a denial of due process under the Fourteenth Amendment. *Hubert v. Ill. State Assistance Comm'n,* 867 S.W.2d 160, 163 (Tex.App.-Houston [14th Dist.] 1993, no writ).

■ In *Jimenez v. Transwestern Prop., Co.,* the trial court, without any notice to the plaintiff, dismissed plaintiff's case after trial counsel announced not ready for trial. *Jimenez,* 999 S.W.2d at 127–28. The plaintiff filed a motion to reinstate and the trial court held a hearing on the motion. *Id.* at 128. The plaintiff argued that he was denied due process because the trial court failed to provide him with notice that his case was set for dismissal. *Id.* The Court of Appeals determined that:

> [A]lthough [plaintiff] was not provided with notice of the trial court's intent to dismiss the case for want of prosecution prior to the dismissal hearing, he was nevertheless afforded his due process rights because he received actual notice of the dismissal order in time to file a motion to reinstate, and a hearing was held on that motion. The hearing was held at a time when the trial court had full control of the judgment.

*Id.* at 129.

The court recognized in its analysis that the hearing on a motion to reinstate is the same hearing with the same burden of proof that a plaintiff would receive before the trial court signs the order of dismissal. *Id.* Therefore, a post-dismissal hearing, like the one on the plaintiff's motion to

---

4. The dismissal order constituted an interlocutory order because R.B. Foods's counterclaims had yet to be disposed of. When the default judgment was entered, it constituted a final disposition of all the parties' claims.

reinstate, remedies any violations to the litigant's due process rights occurring before dismissal. *Id.* The court further held that the trial court did not abuse its discretion in denying the plaintiff's motion to reinstate because, at the hearing on the motion to reinstate, the plaintiff failed to provide any evidence that he had diligently prosecuted his case. *Id.* at 130. The court stated that if the plaintiff had such proof, it was his burden to place the evidence before the trial court at the hearing on the motion to reinstate. *Id.*

In this case, appellants claim the notices sent by the clerk's office notifying them of the dismissal docket setting contained an incorrect address—trial counsel's former address. The record indicates the correct address of appellants' counsel is "Frank P. Hernandez, 716 Wayne, Dallas, TX 75223–1645." This address was listed on the pleadings and other papers on file with the court at the time of the dismissal. The dismissal notices sent by the court contained a different address: "Frank P. Hernandez, 1714 Browder St., Dallas, TX 75215–2011." This Browder Street address was not listed on any of the pleadings or other papers on file with the court, but rather, was the address the clerk's office had for Hernandez in its register of attorneys.[5] The record further reveals that Hernandez never received notice of

the dismissal hearing because such notice was returned undelivered to the clerk's office.

Although this evidence demonstrates appellants did not receive notice of the dismissal docket setting, it does not prove the trial court abused its discretion by denying their motion for new trial.[6] After learning of the dismissal, appellants filed a verified motion for new trial challenging the dismissal order. Like *Jimenez,* the trial court in this case provided appellants with a post-dismissal hearing. *See Jimenez,* 999 S.W.2d at 129. Like *Jimenez,* appellants in this case failed to either present evidence which would excuse their failure to prosecute the case diligently, or show good cause why their case should be maintained on the trial court's docket. *See id.* at 130. Appellants merely argued that the trial court failed to comply with the notice requirement prior to dismissal. It was appellants' burden to place evidence of good cause before the trial court at the hearing. They did not. The record reveals that the case was commenced on November 25, 1997, with relatively little activity on the part of appellants over the next three years. Because the trial court afforded appellants a hearing on their motion for new trial and appellants failed to show good cause why their case should be

**5.** The return of service, however, has Hernandez's address listed as 1714 Browder St., Dallas, TX 75215–2011. There is no evidence that this document was prepared by Hernandez.

**6.** *See Franklin,* 53 S.W.3d at 403; *Jimenez,* 999 S.W.2d at 129. During oral argument, appellants cited *Peralta v. Heights Medical Center, Inc.,* 485 U.S. 80, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988) and *Lopez v. Lopez,* 757 S.W.2d 721 (Tex.1988) in support of their argument that the trial court's failure to provide notice of the dismissal docket setting requires us to "wipe the slate clean" and restore appellants to the position they would

have occupied had the court afforded them due process in the first place. *Peralta* and *Lopez,* however, do not concern dismissals for want of prosecution, but rather, concern default judgments and whether, in the absence of notice, a party must assert a meritorious defense to obtain a new trial. *Peralta,* 485 U.S. at 86, 108 S.Ct. 896; *Lopez,* 757 S.W.2d at 723. Nonetheless, we believe appellants were afforded due process in this instance because they had a post-dismissal hearing on their motion for new trial that remedied any violation of their rights occurring before the dismissal of their lawsuit. *See Jimenez,* 999 S.W.2d at 129.

maintained on the court's docket, we hold the trial court did not abuse its discretion when it denied appellants' motion for new trial.

## D. Post–Answer Default Judgment

In addition, appellants claim the trial court should have set aside the post-answer default judgment because the court failed to provide them with notice of the trial setting on R.B. Foods's counterclaims.[7] A trial court must set aside a default judgment when the test articulated in *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124 (1939) is satisfied. *Director, State Employees Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 268 (Tex.1994). According to *Craddock*, a default judgment should be set aside when it is demonstrated that: (1) the party's failure to appear was not intentional or the result of conscious indifference; (2) there is a meritorious defense; and (3) the granting of a new trial will not operate to cause delay or injury to the opposing party. *Id.* Importantly, when a party receives no notice of a trial setting, he satisfies the first prong of *Craddock* and does not have to meet the remaining prongs of the test to be entitled to a new trial. *Lopez v. Lopez*, 757 S.W.2d 721, 723 (Tex.1988); *Mosser v. Plano Three Venture*, 893 S.W.2d 8, 12 (Tex.App.-Dallas 1994, no writ); *Green v. McAdams*, 857 S.W.2d 816, 819 (Tex.App.-Houston [1st Dist.] 1993, no writ). The historical trend in default judgment cases is toward the liberal granting of new trials. *Miller v. Miller*, 903 S.W.2d 45, 47 (Tex. App.-Tyler 1995, no writ). Thus, where the elements of the *Craddock* test are satisfied, it is an abuse of discretion for the trial court to deny a motion for new trial. *Evans*, 889 S.W.2d at 268.

To satisfy the first prong of *Craddock*, the defaulting party must establish that his failure to appear was due to a mistake or accident rather than the result of conscious indifference. *Craddock*, 133 S.W.2d at 126. Conscious indifference is defined as the failure to take some action that would seem obvious to a reasonable person under similar circumstances. *Prince v. Prince*, 912 S.W.2d 367, 370 (Tex.App.-Houston [14th Dist.] 1995, no writ). The courts have applied the first prong of the *Craddock* test liberally, considering each case on an ad hoc basis. *Gotcher v. Barnett*, 757 S.W.2d 398, 401 (Tex.App.-Houston [14th Dist.] 1988, no writ); *Harlen v. Pfeffer*, 693 S.W.2d 543, 545 (Tex.App.-San Antonio 1985, no writ). The controlling fact under the first prong's analysis is the absence of a purposeful or bad faith failure to appear. *Craddock*, 133 S.W.2d at 125. Accordingly, the defaulting party must provide "some excuse, but not necessarily a good excuse" for failing to appear. *Id.; see also Gotcher*, 757 S.W.2d at 401 (finding that "even a slight excuse will suffice"). During our analysis, we look to the knowledge and acts of the defaulting party to determine whether the failure to appear was due to intentional disregard or conscious indifference. *Evans*, 889 S.W.2d at 269. If the factual assertions in the defaulting party's new trial affidavits are not controverted, the defaulting party satisfies its burden if it

---

**7.** A post-answer default judgment is one rendered when a party has filed an answer, but fails to appear at trial. *Stoner v. Thompson*, 578 S.W.2d 679, 682 (Tex.1979). This case is a post-answer default case because when a defendant files a counterclaim, the plaintiff need not file an answer to the defendant's claims. *See* Tex.R. Civ. P. 92 (when a counterclaim is served upon a party who has made an appearance in the action, the party so served, in the absence of a responsive pleading, shall be deemed to have pleaded a general denial of the counterclaim). In such situation, the plaintiff is assumed to have entered a general denial to the defendant's assertions. *Id.*

sets forth facts that, if true, negate intent or conscious indifference. *Id.* In determining whether the defaulting party's assertions are controverted, the court looks to all the evidence in the record. *Id.*

■ R.B. Foods filed a response to appellants' motion for new trial asserting that appellants failed to prove their failure to appear was not the result of conscious indifference. In particular, R.B. Foods alleges that because appellants neither took the time to determine whether the county clerk had Hernandez's correct address nor notified the clerk of his new address, they cannot overcome the first prong of *Craddock*. *See Withrow v. Schou*, 13 S.W.3d 37 (Tex.App.-Houston [14th Dist.] 1999, pet. denied). In *Withrow v. Schou*, the notice the clerk mailed to trial counsel was returned undelivered to the clerk's office. *Id.* at 39. The notice was mailed to trial counsel at his last known address—the address counsel had listed on his pleadings. *Id.* A post-answer default judgment was granted against the appellant when counsel failed to appear at trial. *Id.* On appeal, the court held the default judgment was proper because the clerk mailed notice in full compliance with the rules of civil procedure. *Id.* at 41–42. The court further held that parties have a continuing obligation under Rule 21a of the Texas Rules of Civil Procedure to keep the court and the other parties apprised of a correct and current address, and this obligation cannot be shifted to the court clerk or to an opposing party. *Id.*

*Withrow*, however, is distinguishable from the case at bar. Unlike *Withrow*, the clerk in our case mailed notice to an address other than the one counsel had listed on his pleadings. When Hernandez commenced suit, he provided the court with his current address and at no time represented his address as the one the court continued to send correspondence to. Therefore, the court's analysis in *Withrow* is not instructive in this case.

■ The record in the present matter contains evidence negating the possibility that appellants' failure to appear was intentional or the result of conscious indifference.[8] According to Hernandez's affidavit, Hernandez did not become aware of the actual trial setting on R.B. Foods's counterclaims until after the trial court had already entered the default judgment. Hernandez avers that his address is 716 Wayne, Dallas, Texas 75223. This is in fact the address he listed on the pleadings commencing the lawsuit and on other papers he filed with the court. The clerk's office, however, mailed all correspondence concerning this case to Hernandez's former address, an address not listed on any document that counsel filed with the court. R.B. Foods directs us to nothing in the record which might controvert Hernandez's statement that he did not receive notice of the trial setting. We therefore hold appellants have satisfied the first prong of the *Craddock* test because, without notice, they could not intentionally or

---

**8.** R.B. Foods challenges the affidavit accompanying appellants' motion for new trial, noting Hernandez neither avers that he has personal knowledge of the stated facts nor avers that the stated facts are true. *See Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex.1984). This argument is without merit. Because Hernandez's affidavit is taken on his oath "that the statements contained in his Affidavit are within his personal knowledge and are true," the statements therein are assignable as perjury, which is the goal. *See id.* Moreover, "where an affidavit reflects that it is based on personal knowledge and it is subscribed to and sworn before a notary public, it is not defective if, when considered in its entirety, its obvious effect is that the affiant is representing that the facts stated therein are true and correct." *Franks v. Brookshire Bros., Inc.*, 986 S.W.2d 375, 378 (Tex.App.-Beaumont 1999, no pet.). Hernandez's affidavit is therefore not fatally defective.

**652**

with conscious indifference fail to appear. Appellants are thus relieved of satisfying the second and third prongs of the *Craddock* test in order to obtain a new trial. *See Lopez,* 757 S.W.2d at 723; *Mosser,* 893 S.W.2d at 12; *Green,* 857 S.W.2d at 819. Accordingly, we hold the trial court abused its discretion by not setting aside the default judgment.

### Conclusion

Based on the forgoing, we need not address appellants' remaining contentions. We affirm the trial court's order denying appellants' motion for new trial in part and reverse it in part. We affirm the trial court's ruling with respect to the dismissal for want of prosecution, but we reverse the trial court's ruling with respect to the default judgment. The cause is remanded to the trial court for further proceedings on R.B. Foods's counterclaims.