COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS



)
 

DIANA D. OLIEN,
)
 No. 08-02-00300-CV

)


 Appellant,
)
 Appeal from

)
 

v.
)
 358th District Court

)


THE UNIVERSITY OF TEXAS OF THE
)
 of Ector County, Texas

PERMIAN BASIN,
)


 )
 (TC# D-109,425)

 Appellee.
)



MEMORANDUM OPINION



 Diana Olien filed this action against the University of Texas of the Permian Basin (UTPB)
alleging that the school discriminated against her because of her gender. The trial court granted
summary judgment in favor of UTPB. Appellant filed a motion to vacate or alternatively a motion
for new trial claiming that she did not receive notice of the hearing. Both motions were overruled
by the trial court. Finding an abuse of discretion, we reverse and remand.

FACTUAL SUMMARY


 Diana Olien, a professor at UTPB, filed suit alleging that the school was sexually
discriminatory in their hiring and promotional practices. UTPB filed a motion for summary
judgment on February 1, 2002. On February 22, the trial court signed an order setting the motion
for hearing on March 27. On February 26, a copy of the notice of hearing was sent by United States
mail to James Eccles, counsel for UTPB, at the office of the Attorney General in Austin. Olien was
represented by Allen Stroder, who maintains his office in Odessa. It is undisputed that the clerk did
not mail the notice of hearing to Stroder's office. Instead, the clerk placed another copy of the notice
in Stroder's personal notice folder at the clerk's office at the Ector County Courthouse. A copy of
the order granting summary judgment was placed in counsel's folder on April 5, 2002. 

 In her sole point of error, Olien argues that the trial court erred in failing to grant a new trial
since neither she nor her attorney received notice of the hearing. We review the trial court's denial
of a motion for new trial under an abuse of discretion standard. Strackbein v. Prewitt, 671 S.W.2d
37, 38 (Tex. 1984). An abuse of discretion occurs when the trial court acts without reference to any
guiding rules or principles. Morrow v. H.E.B., Inc., 714 S.W.2d 297, 298 (Tex. 1986).

 A trial court must set aside a default judgment when the movant satisfies the requirements
articulated in Craddock v. Sunshine Bus Lines Inc., 134 Tex. 388, 133 S.W.2d 124 (1939). Director,
State Employees Workers' Compensation Division v. Evans, 889 S.W.2d 266, 268 (Tex. 1994);
Texas Sting, Ltd., v. R.B. Foods, Inc., 82 S.W.3d 644, 650 (Tex.App.--San Antonio 2002, pet.
denied). Here, Olien must demonstrate that: (1) her failure to appear was not intentional or the
result of conscious indifference; (2) she has a meritorious defense; and (3) the granting of a new trial
will not operate to cause delay or injury to UTPB. Evans, 889 S.W.2d at 268. Importantly, when
a party receives no notice of a trial setting, she satisfies the first prong of Craddock and need not
meet the remaining two. Lopez v. Lopez, 757 S.W.2d 721, 723 (Tex. 1988); Texas Sting, Ltd., 82
S.W.3d at 650. To require otherwise would violate her federal due process rights under the
Fourteenth Amendment. Peralta v. Heights Medical Center, Inc., 485 U.S. 80, 108 S.Ct. 896, 99
L.Ed.2d 75 (1988). The historical trend in default judgment cases is toward the liberal granting of
new trials. Texas Sting, Ltd., 82 S.W.3d at 650; see Miller v. Miller, 903 S.W.2d 45, 47 (Tex.App.--Tyler 1995, no writ). Where the elements of Craddock are satisfied, it is an abuse of discretion for
the trial court to deny a motion for new trial. Evans, 889 S.W.2d at 268; Texas Sting, Ltd., 82
S.W.3d at 650.

 More recently, the Texas Supreme Court has determined that Craddock is inapplicable to a
motion for new trial after summary judgment is granted on a motion to which the nonmovant failed
to timely respond despite notice of the hearing and an opportunity to seek a continuance or obtain
permission to file a late response. Carpenter v. Cimarron Hydrocarbons Corporation, No. 01-0002,
2002 WL 31933985, at *3 (Tex. Dec. 31, 2002). Such is not the case here. According to Stroder's
testimony, he did not become aware of the hearing until after the trial court had already granted
summary judgment. Several days after the judgment was rendered, he went to the courthouse,
checked his folder, and for the first time found the notice of the hearing on the motion for summary
judgment and the signed judgment by the court granting summary judgment. Stroder claimed that
he receives misfiled papers in the folder fairly frequently, and tries to return them to the proper stack
as often as he can. UTPB counters that Stroder received constructive notice when the clerk placed
the notice of the hearing in his personal folder.

 Rule 166a requires that the motion and any supporting affidavits shall be filed and served at
least twenty-one days before the time specified for hearing. Tex.R.Civ.P. 166a(c). Rule 21a
requires every notice, pleading, plea, and motion, except as otherwise expressly provided, to be
served by delivering a copy to the party to be served, or the party's duly authorized agent or attorney
of record, as the case may be, either in person or by agent or by courier receipted delivery or by
certified or registered mail, to the party's last known address, or by telephonic document transfer to
the recipient's current telecopier number, or by such other manner as the court in its discretion may
direct. Tex.R.Civ.P. 21a. Rule 21a applies to the notice required by Rule 166a for a hearing on a
motion for summary judgment. Lewis v. Blake, 876 S.W.2d 314 (Tex. 1994). By affidavit, a deputy
district clerk testified that on February 22, 2002, the court signed the order setting the hearing for
March 27, 2002. She mailed a copy to UTPB's attorney at his Austin office. Olien's copy was not
mailed to Olien's counsel but was instead put in his personal notice folder. Although the affidavit
reveals that this is a usual and customary practice in Ector County, there is nothing in the record to
establish that either the council of judges has adopted the practice by local rule pursuant to Rule 3a
or that the trial court below directed the procedure in this particular case. See Tex.R.Civ.P. 3a. 
Absent that evidence, notice was not delivered in compliance with the rules. The failure to provide
notice deprives the litigant of the right to be heard, constitutes a denial of due process and is
grounds for reversal. Hubert v. Illinois State Assistance Commission, 867 S.W.2d 160, 163
(Tex.App.--Houston [14th Dist.] 1993, no writ); see also LBL Oil Co. v. International Power Serv.,
Inc., 777 S.W.2d 390, 390-91 (Tex. 1989). Because the trial court abused its discretion by not
setting aside the default judgment, we sustain the sole point of error and reverse and remand the
cause to the trial court.


February 20, 2003 
 ANN CRAWFORD McCLURE, Justice

Before Panel No. 1

Larsen, McClure, and Chew, JJ.