# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00151-CV

**The Comanche Nation and Jennifer Perry, Appellants**

**v.**

**Joseph N. Fox and Patricia M. Fox, Appellees**

**FROM THE COUNTY COURT AT LAW NO. 1 OF WILLIAMSON COUNTY**
**NO. 95-178-F26-FC1, HONORABLE KEVIN HENDERSON, JUDGE PRESIDING**

## DISSENTING OPINION

Because Jennifer Perry=s proof in support of the *Craddock* factors was self-serving, conclusory, and C in any event C inadequate, and the Comanche Nation wholly failed to set forth competent proof in support of the *Craddock* factors, I would hold that it was not an abuse of discretion for the trial court to deny appellants= motions for new trial. I respectfully dissent.

That we liberally construe a standard does not mean there is no standard. That *Craddock* does not demand a *good* excuse does not mean that any excuseCunsupported by evidenceCwill suffice. *See Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 125 (Tex. 1939). Although a Ado-over@ may be a cautious approach in certain default proceedingsCand perhaps particularly when child custody is at issueCin some cases, as here, I believe it is inappropriate and unjust. The law is often about line drawing. In drawing the line in default judgment cases, we err in favor of granting a new trial. In child custody cases, we should err in favor of a proceeding that fully develops the child=s best interest. How ever we draw the line here, the trial judge properly recognized that appellants have failed in any respect to approach it. We may not require appellants to address the Abest interest of the child@ in their motions for new trial only to read it out of our result here.

Granting a new trial is not necessary to preserve appellants=rights. Unlike some motions for new trial in child custody matters, this case does not involve lack of notice to the parties. Nor is this case about termination of parental rights. Instead, this case concerns a modification of conservatorship, with no evidence that appellants were prevented from participating in the proceedings. Moreover, the denial of a new trial does not deprive the mother of her day in court, because the trial court hearing the custody issues retains continuing, exclusive jurisdiction to modify conservatorship. Tex. Fam. Code Ann. ' 155.001(a) (West 2002). Thus, the mother and maternal grandmother may file their own motions for modification, should they so choose. *See id.* '' 156.001-.002 (West 2002). The Comanche Nation may intervene in a later proceeding, as it did in this instance.

Turning to an examination of the motions for new trial, appellants= allegationsCeven if trueCfailed to satisfy any of the three *Craddock* factors to obtain a new trial. The majority stated and purported to apply the correct test but failed to apply it to the allegations and evidence here. Where factual allegations in a movant=s affidavits are uncontroverted, as here, the motion for new trial and accompanying affidavits are insufficient if they fail to set forth facts which, if true, would satisfy the *Craddock* test. *See Director, State Employees Workers=Comp. Div. v. Evans*, 889 S.W.2d 266, 269 (Tex. 1994); *Texas Sting, Ltd. v. R.B. Foods, Inc.*, 82 S.W.3d 644, 650 (Tex. App.CSan Antonio 2002, pet. denied). Conclusory allegations are insufficient. *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 82 (Tex. 1992); *Freeman v. Pevehouse*, 79 S.W.3d 637, 641 (Tex. App.CWaco 2002, no pet.).

The first factor that appellants were required to satisfy was that their failure to appear was not due to consciously indifferent or intentional conduct but was instead due to accident or mistake. *Craddock*, 133 S.W.2d at 126. AIn determining whether there was conscious indifference we must look to the knowledge and acts of the defendant.@ *Strackbein v. Prewitt*, 671 S.W.2d 37, 39 (Tex. 1984). Conscious indifference means the Afailure to take some action that would seem obvious to a reasonable person under similar circumstances.@ *Texas Sting*, 82 S.W.3d at 650 (citing *Prince v. Prince*, 912 S.W.2d 367, 370 (Tex. App.CHouston [14th Dist.] 1995, no writ). The evidence shows that both appellants were properly notified of the institution of the proceedings, having filed appearances in July and August 2001, and had notice of all subsequent proceedings, including the final hearing. In looking to appellants=knowledge and acts, sixteen months elapsed without any action by appellants between filing their initial appearances and motions for new trial. Appellants then averred that their failure to appear at the final

hearing was not due to conscious indifference or intentional conduct. The trial judge exercised his discretion to take into account appellants= actionsCand inactionCbefore seeking a new trial.

With respect to the first *Craddock* factor as to whether her failure to appear was due to accident or mistake, Jennifer Perry averred only that Joseph Aitson, an employee of the Indian Child Welfare Program of the Comanche Nation, told her that she Adid not need to appear.@ Other than his job description, the affidavit fails to advise who Aitson is, what his relationship to Perry may be, or the reason she was Ainformed@ she did not need to appear. She also attested that she did not have the financial resources to travel to the hearing. But, with the conservatorship of her child at stake, she did not inform the court of her inability to travel, nor did she ask the court whether she should appear at the hearingCboth of which might seem obvious to someone interested in the custody of her child. In light of her indifference to the proceedings that went before, her excuses do not amount to accident or mistake.

The Comanche Nation=s affidavit does not purport to address all three *Craddock* factors but addresses only the first factor, that the failure to appear was not the result of conscious indifference or intentional conduct but was instead due to accident or mistake. The Comanche Nation=s excuse is that, in the process of substituting new counsel, the original counsel and the new counsel miscommunicated, with the result being that neither appeared at the hearing. Only Lon Darley, the new counsel, filed an affidavit attesting to this. He stated that the original counsel Amistakenly assumed@ that Darley would appear at the hearing. But the original counsel never filed a motion for withdrawal, nor was Darley substituted as new counsel. Rule of civil procedure 10 sets forth specific requirements for withdrawal as attorney of record: (a) only upon written motion by the attorney of record for good cause shown; or (b) upon written notice of

4

substitution by the attorney of record, designating the name, address, telephone number, and State Bar of Texas identification number of the substitute attorney, with the signature of the attorney to be substituted, and an averment that the client has approved the substitution and that the withdrawal is not sought for delay only. Tex. R. Civ. P. 10. Until formally withdrawing, the attorney whose signature first appears on the initial pleadings shall be responsible for the suit as to the party. Tex. R. Civ. P. 8.

Because no new counsel had been substituted, the prior counsel bore the responsibility for appearing at the hearing for her client. Her failure to appear may well be due to accident or mistake; we do not know because the motion for new trial does not include her affidavit. Rather, Darley alone, in his affidavit, attempts to speak for both prior counsel as well as his co-counsel: AKathleen Flanagan mistakenly believed that approval had been given for the substitution of counsel from the occurrence of the November 21, 2002 meeting. Janis F. Darley and I did not understand that [sic] matter was set for final hearing on November 25, 2002.@ Again at the oral argument of this appeal,[1] Darley urged more than once that the prior counsel had misunderstood the setting and made mistakes. Darley further averred in his affidavit that he Aunderstood that Kathleen Flanagan would continue her involvement and handle the case@ until counsel was substituted but did not explain the basis of his understanding. Indeed, the only competent evidence is that Darley was aware that the matter was set on November 25.

---

[1] Only Darley appeared at oral argument, although he represented that Perry was Ain town.@

Without any affidavit from the prior counsel explaining why she did not appear on behalf of her client, we can only conclude that she apparently intentionally chose not to appear. At the very least, the Comanche Nation should have included an affidavit from the prior counsel, explaining any mistakes she made or that the failure was due to a miscommunication. *See Evans*, 889 S.W.2d at 269 (when substituted attorney failed to appear at trial because original attorney misinformed her of the trial date, both attorneys filed affidavits). Thus, both Perry and the Comanche Nation failed to satisfy the first *Craddock* factor.

The second *Craddock* factor is that the motion for new trial set up a meritorious defense. *Craddock*, 133 S.W.2d at 126. AThe motion must allege facts which in law would constitute a defense to the cause of action asserted by the plaintiff, and must be supported by affidavits or other evidence proving prima facie that the defendant has such meritorious defense.@*Ivy v. Carrell*, 407 S.W.2d 212, 214 (Tex. 1966). Because the primary question before the court in a modification hearing is the best interest of the child, the meritorious defense must pertain to the child=s best interest. *See* Tex. Fam. Code Ann. ' 156.101 (West Supp. 2004); *Lowe v. Lowe*, 971 S.W.2d 720, 724 (Tex. App.CHouston [14th Dist.] 1998, pet. denied). Factors to consider include:

> (a) the desires of the child; (b) the emotional and physical needs of the child now and in the future; (c) the emotional and physical danger to the child now and in the future; (d) the parental abilities of the individuals seeking custody; (e) the programs available to assist these individuals to promote the best interest of the child; (f) the plans for the child by these individuals or the agency seeking custody; (g) the stability of the home or proposed placement; (h) the acts or omissions of the parent which may indicate that the existing parent-child relationship is not a proper one; and (i) any excuse for the acts or omissions of the parent.

*Lowe*, 971 S.W.2d at 724.

6

Jennifer Perry, in support of the second *Craddock* factor, averred generally in her affidavit that (i) her daughter did not have a Asignificant connection@ with Texas; (ii) she is able to provide for her daughter=s needs; (iii) her Aextended@ family can assist her with raising her daughter;[2] and (iv) she desires to preserve her daughter=s Comanche heritage, which she contends the Foxes would not be able to provide. Instead of speaking to her daughter=s best interest, she addresses instead her own interests. She addresses her child=s best interest only in a glancing manner: that Perry Adesires@ to have her child raised in her Comanche heritage. In contrast, the trial court concluded that the evidence at the final hearing supported the modification of custody in favor of the Foxes. Furthermore, Perry=s mother, by seeking custody of her granddaughter in another court, demonstrated that she did not believe it was in the child=s best interest to be with Perry. Among the public policies of this state is that a child have a safe and stable environment. *See* Tex. Fam. Code Ann. **'** 153.001(a)(2) (West 2002). Not until the modification proceedings were concluded did Jennifer Perry express an interest in her daughter=s conservatorship. Viewed through this prism, her evidence to support a meritorious defense is slight, at best, self-serving, and conclusory.

The Comanche Nation=s affidavit wholly failed to address the second and third *Craddock* factors and offered no proof concerning the best interest of the child or any other aspect of the merits of the lawsuit. Any statement in the Comanche Nation=s motion as to the best interest of the child had to be supported by an affidavit or other evidence. *Ivy*, 407 S.W.2d at 214. Because the Comanche Nation=s motion was not supported by any evidence demonstrating a meritorious defense, *see Guaranty Bank v.*

---

[2] Her extended family is unidentified. The only identified relative is Perry=s mother, who also sought custody of the child but was not a party to this appeal.

*Thompson*, 632 S.W.2d 338, 339 (Tex. 1982), the Comanche Nation has failed to satisfy the second *Craddock* factor.

The third *Craddock* factor is that the "motion for new trial be filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff." *Strackbein*, 671 S.W.2d at 39. Although the threshold for satisfying this factor is low, appellants=argument that a new trial would occasion no delay is questionable after they had failed to participate in the modification proceedings for sixteen months. Granted, the child may benefit from staying with the Foxes until the proceedings on remand are concluded, but she still faces uncertainty for the duration of that time. Given appellants=pattern of indifference to the proceedings thus far, they have failed to offer competent evidence that a new trial would occasion no delay.

The trial court weighed the evidence before it, applied the *Craddock* test, and concluded that appellants=affidavits failed to set forth facts that, if true, would satisfy the *Craddock* test. The court=s ruling was not a clear abuse of discretion and should not be arbitrarily set aside. Absent a clear abuse of discretion, the trial court=s ruling must stand.

The majority=s remand of this case rewards appellants for a pattern of indifference to the modification proceedings by failing to participate for sixteen months. We must not lose sight of the fact that the central focus of modification proceedings is Cnot appellants=best interestCbut the child=s best interest. If appellants had taken the child=s best interest into account, they could have chosen to participate long before the modification order had been entered. Instead, they demonstrated a pattern of indifference until their only recourse was to seek a new trial. In the absence of competent evidence that the defaulting parties have

8

satisfied the *Craddock* factors, a remand does not serve the child=s best interest and is inappropriate. Because the consequence of a remand will be further delay and uncertainty for the child, I respectfully dissent and would affirm the trial court=s denial of appellants= motions for new trial.


Jan P. Patterson, Justice

Before Chief Justice Law, Justices B. A. Smith and Patterson

Filed:   February 12, 2004