MEMORANDUM OPINION



No. 04-06-00888-CV



Maria De Los Angeles HERNANDEZ,


Appellant



v.



ISE, INC.,


Appellee



From the 111th Judicial District Court, Webb County, Texas


Trial Court No. 2003-CVF-001967-D2


Honorable Raul Vasquez, Judge Presiding



Opinion by: Catherine Stone, Justice


Sitting: Catherine Stone, Justice

 Sandee Bryan Marion, Justice

 Phylis J. Speedlin, Justice


Delivered and Filed: January 9, 2008


AFFIRMED

 Maria De Los Angeles Hernandez contends the trial court abused its discretion by dismissing
the underlying lawsuit for want of prosecution. We affirm.

 Background


 Hernandez filed suit against ISE, Inc. for breach of contract on July 19, 2002. Hernandez
filed an affidavit of indigency in the case to avoid paying litigation costs during the prosecution of
her claim. Hernandez's claim of indigency, however, proved to be false. Hernandez's affidavit of
indigency was struck by the trial court and Hernandez was sanctioned $1,000.00 and ordered to pay
$421.50 in costs for filing the false affidavit of indigency with the court. Rather than pay the amount
owed, Hernandez nonsuited her case.

 Hernandez re-filed her suit against ISE in a different district court on December 19, 2003. 
Hernandez's case was eventually returned to the original trial court, which granted ISE's motion to
stay further proceedings until Hernandez paid her court-ordered sanction and costs. The trial court,
on May 20, 2004, ordered Hernandez to remit payment for the unpaid sanction and costs within 10
days of the court's order and warned Hernandez that failing to comply with the court's order would
result in the dismissal of her suit. Hernandez, however, did not comply with the court's order.

 No other activity took place in the case until September 12, 2006, when the trial court sent
a letter to the parties notifying them that the case had been placed on the dismissal docket. The
court's letter provided no reason for placing the case on the dismissal docket. The letter merely
provided:

 Please take notice that the above styled and numbered case is set for Dismissal
Docket on the 4th day of December, 2006 at 9:00 a.m. This setting is mandatory and
your failure to appear will cause this case to be dismissed. Please note, that if
your case is in bankruptcy, counsel is required to file updated written verification
from the bankruptcy court, otherwise the case will be subject to dismissal.


In response to the court's notice, on November 21, 2006, Hernandez filed a motion requesting the
trial court to retain the case on the court's docket, lift its stay of proceedings, and enter a new pre-trial guideline order. Hernandez's motion further contested the amount the court had previously
ordered her to pay for costs. 

 On December 4, 2006, both parties appeared for the dismissal docket hearing. At the
dismissal hearing, the court asked Hernandez's attorney why it should retain the case when
Hernandez had not taken any action with respect to the case for more than two years. Hernandez's
attorney explained that no action had occurred because Hernandez "has been in Mexico" and "it has
been very difficult for [counsel] to get a hold of [Hernandez] to come and see" him. When
Hernandez's attorney provided no other explanation to the court, the court dismissed the case for
want of prosecution. 

 Hernandez filed a timely motion to reinstate. (1) At the hearing on the motion to reinstate,
Hernandez essentially argued that the reinstatement of her case is warranted because the court failed
to give her notice before the dismissal docket hearing of its intent to dismiss for want of prosecution
under the court's inherent powers. Hernandez further noted that she is ready "to pay any valid court
costs that are due." She noted that she had not paid any court costs in the case because: (1) opposing
counsel never provided her with a Bill of Costs; and (2) the court "never specified, with particularity,
what the court costs are." As for her payment of the $1,000.00 sanction imposed, Hernandez offered
no explanation for failing to pay the court-ordered sanction in a timely manner. The trial court
denied Hernandez's reinstatement request, citing Hernandez's lack of diligence in making payment
in accordance with the court's order. The court noted that "three years have elapsed . . . and
[Hernandez] ha[s] done nothing for this case, or even attempted to do anything, in regard to making
a payment or clarifying the order or clarifying the costs." 


Dismissal for Want of Prosecution Hernandez asserts the trial court failed to provide her with notice sufficient to warn her that
the court might dismiss her case for want of prosecution under its inherent power. Hernandez argues
she was entitled to receive specific notice before her dismissal docket hearing as to whether the
dismissal might occur pursuant to Texas Rule of Civil Procedure 165a or the court's inherent
authority. As a result of the trial court's failure to apprise her of its intent to dismiss for want of
prosecution within the exercise of its inherent power, Hernandez asserts we must reverse the trial
court's order dismissing her case for want of prosecution.

 The decision to dismiss a case for want of prosecution rests within the sound discretion of
the trial court and can be disturbed on review only if the court's decision amounted to a clear abuse
of discretion. State v. Rotello, 671 S.W.2d 507, 508-09 (Tex. 1984). A trial court abuses its
discretion when it acts in an arbitrary and unreasonable manner or when it acts without reference to
any guiding rules and principles. Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42
(Tex. 1985). 

 A trial court's power to dismiss a suit for want of prosecution originates from two sources:
(1) Texas Rule of Civil Procedure 165a; and (2) the court's inherent authority. Tex. R. Civ. P. 165a;
Villarreal v. San Antonio Truck & Equip., 994 S.W.2d 628, 630 (Tex. 1999). A trial court may
dismiss under Rule 165a on "failure of any party seeking affirmative relief to appear for any hearing
or trial of which the party had notice," or when a case is "not disposed of within time standards
promulgated by the Supreme Court." Tex. R. Civ.P. 165a. In addition, the common law vests the
trial court with the inherent power to dismiss independently of the rules of procedure when a plaintiff
fails to prosecute his or her case with due diligence. Villarreal, 994 S.W.2d at 630.

 A party must be provided with notice and an opportunity to be heard before a trial court may
dismiss a case for want of prosecution under either Rule 165a or its inherent power. Id. The
requirements of notice and a hearing are necessary to ensure the dismissed claimant has received due
process. Tex. Sting Ltd. v. R.B. Foods, Inc., 82 S.W.3d 644, 648 (Tex. App.--San Antonio 2002,
pet. denied). "The failure to provide adequate notice of the trial court's intent to dismiss for want
of prosecution requires reversal." Villarreal, 994 S.W.2d at 630-31. 

 In Villarreal v. San Antonio Truck & Equipment, the supreme court held that the Bexar
County dismissal notice failed to apprise the parties of the trial court's intent to dismiss for want of
prosecution within the exercise of its inherent power. Id. at 629. The dismissal notice in Villarreal
read as follows: 

 BY DIRECTION OF THE PRESIDING JUDGE OF SAID COURT[,] NOTICE IS
HEREBY GIVEN YOU THAT THE ABOVE CAUSE(S), UPON ORDER OF THE
COURT[,] IS SET FOR DISMISSAL ON THE 22 DAY OF OCTOBER, 1996 . . .
YOU ARE REQUESTED TO BE PRESENT AND MAKE YOUR
ANNOUNCEMENT. IF NO ANNOUNCEMENT IS MADE, THIS CAUSE WILL
BE DISMISSED FOR WANT OF PROSECUTION.


 ALL ORDERS THAT WILL REMOVE A CASE FROM THE DISMISSAL
DOCKET MUST BE SUBMITTED TO THE DISMISSAL DEPARTMENT ON OR
BEFORE THE DATE WHEN THE DOCKET IS CALLED.

 

 YOU ARE REMINDED THAT THIS IS NOT A DOCKET FOR THE
RE-SETTING OF CASES, BUT FOR THEIR DISMISSAL.


Id. The focus of the supreme court's concern with the dismissal notice surrounded the language "if
no announcement is made, this cause will be dismissed for want of prosecution." See id. at 630. The
court agreed with Villarreal that he complied with the notice language by his presence at the
dismissal docket hearing and announcement of readiness for trial. Id. at 630-31. Additionally, the
court rejected the claim that the phrase "this is not a docket for the re-setting of cases, but for their
dismissal," adequately notified parties of the likelihood of dismissal. Id. at 633. The court found
the phrase misleading because no indication was made that a party must show good cause to avoid
dismissal. Id. 

 Although the dismissal notice at issue in this case is quite similar to the notice examined in
Villarreal, we need not reverse the trial court's judgment because Hernandez was afforded due
process when the trial court provided her with an opportunity to refute the dismissal of her case at
a hearing on her motion to reinstate. The record shows that, at Hernandez's dismissal docket
hearing, the trial court verbally expressed consternation with Hernandez's failure to take any action
in the case in more than two years time. After ISE informed the trial court that Hernandez had not
paid any costs in accordance with the court's prior order, the court asked Hernandez's counsel:
"[H]ow do you expect me to keep a case like this . . . The Order clearly states the deposition costs
of $281.50, the translation costs of $140.00 and $1,000.00 in sanctions. It's clear. It's not future. 
It's -- and it gives you 10 days to get it done . . . And, you come two years later and want me to
consider that . . . [T]ell me why you haven't done anything in two years . . . And, you couldn't file
anything before the Dismissal Docket?" The trial court's verbal comments at the dismissal docket
hearing sufficiently notified Hernandez that the court was contemplating dismissing her lawsuit
under its inherent authority based upon her failure to prosecute her case with diligence. In light of
the trial court's comments, Hernandez was on notice at the conclusion of the dismissal hearing that
she would be required to establish diligent prosecution rather than compliance with Rule 165a to
secure the reinstatement of her case. When the trial court later provided Hernandez with a post
dismissal hearing to refute the trial court's stated basis for dismissal, i.e., lack of diligence, any due
process concerns relating to the adequacy of the court's earlier notice were obviated. See Herrera
v. Rivera, No. 08-03-00504-CV, 2005 WL 1048109, *3 n.2 (Tex. App.--El Paso 2005, no pet.)
(overruling appellate complaint alleging the trial court's notice of dismissal was inadequate for
failing to apprise appellant of the particular authority under which the case might be dismissed
because, among other reasons, "the trial court held a hearing on [appellant's] motion to reinstate,
providing her with the opportunity to be heard, thus curing any potential failure of providing any
alleged inadequate notice."); see also Tex. Sting, 82 S.W.3d at 648-49 (concluding even a complete
absence of notice can be cured when a trial court holds a hearing on a motion to reinstate); Manning
v. North, 82 S.W.3d 706, 715 (Tex. App.--Amarillo 2002, no pet.) (same); Franklin v. Sherman
Indep. Sch. Dist., 53 S.W.3d 398, 403 (Tex. App.--Dallas 2001, pet. denied) (same); Jimenez v.
Transwestern Prop., Co., 999 S.W.2d 125, 128-29 (Tex. App.--Houston [14th Dist.] 1999, no pet.)
(same). Hernandez's first issue is therefore overruled.

Improper Sanction Hernandez also contends the trial court's dismissal of her case was an improper sanction
under TransAmerican Natural Gas Corp. v. Powell, 811 S.W.2d 913 (Tex. 1991). We have
previously determined, however, that the considerations set forth in TransAmerican, which addressed
the validity of sanctions, do not apply to a case involving a dismissal for want of prosecution. See
Rampart Capital Corp. v. Maguire, 974 S.W.2d 195, 198 (Tex. App.--San Antonio 1998, pet.
denied) (rejecting appellant's contention that a dismissal for want of prosecution is an improper
sanction under TransAmerican); see also Northbrook Prop. & Cas. Ins. Co. v. C&C Erection, Inc.,
No. 04-98-01063-CV, 1999 WL 734840, *6 (Tex. App.--San Antonio 1999, pet. denied) (not
designated for publication), overruled on other grounds by Cappetta v. Hermes, 222 S.W.3d 160
(Tex. App.--San Antonio 2006, no pet.) (noting the considerations set forth in TransAmerican do
not apply to a case involving a dismissal for want of prosecution). Similarly, we reject Hernandez's
contention in this case and overrule her second issue.

Misidentification of the Parties

 Hernandez also claims we must reinstate her case because the trial court misidentified the
plaintiff (Hernandez) and defendant (ISE) in the "Order Granting Motion To Stay" issued by the
court on May 20, 2004. Particularly, Hernandez directs our attention to the "Order Granting Motion
To Stay" where the trial court mistakenly identifies the Defendant (ISE) as the party which was both
sanctioned by the trial court and ordered to pay costs. The trial court's stay order provides: "The
Defendant has failed to pay all accrued costs, including the sanctions ($1,000.00) set forth in the
Court's order in the first case (2002-CVQ-000975-D2) pending in the 111th District Court, Webb
County, Texas, the deposition costs of $281.50, and Translator costs of $140.00, for a total of
$1,421.50." Hernandez argues that the court's misidentification of the parties makes the stay order
ambiguous and unenforceable. Hernandez, however, did not raise this contention with the trial court
following the order of dismissal. Hernandez has therefore failed to preserve this complaint for our
review. (2) 

Inadequately Briefed Issues Hernandez further argues that we must reinstate her case because the trial court's stay order:
(1) is "void because it only gave [her] ten days to pay the court costs"; and (2) violates Peek v. Berry,
143 Tex. 294, 184 S.W.2d 272 (1944), by dismissing her case with prejudice. Absent from
Hernandez's brief is any substantive analysis to explain or develop the purported theories urged. 
Parties asserting error on appeal must put forth some specific argument and analysis showing that
the record and the law support their contentions. See Tex. R. App. P. 38.1(h) (requiring appellant's
brief to contain "a clear and concise argument for the contentions made, with appropriate citations
to authorities and to the record"); see also In re C.L., No. 04-03-00638-CV, 2004 WL 86136, at *3
(Tex. App.--San Antonio 2004, no pet.) (mem. op.) (concluding the appellant's brief, which
included only four sentences on the issue complained of, failed to offer any substantive analysis or
substantive discussion of the evidence in support of appellant's contention); Bradt v. West, 892
S.W.2d 56, 69 (Tex. App.--Houston [1st Dist.] 1994, writ denied) (recognizing the fact that a brief
contains some legal authority is not alone sufficient to comprise "argument" necessary to keep from
waiving an issue on appeal as both authorities and argument are required). By inadequately briefing
these issues, we conclude Hernandez has waived her right to appellate review of these complaints. 
See Helm Cos. v. Shady Creek Housing Partners, Ltd., No. 01-05-00743-CV, 2007 WL 2130186,
*7 (Tex. App.--Houston [1st Dist.] 2007, pet. filed). 

Conclusion

 Based on the foregoing, the judgment of the trial court is affirmed.


 Catherine Stone, Justice


1. Although Hernandez's motion is labeled as a "motion for new trial," the relief Hernandez requested in her
motion is the reinstatement of her case. When a litigant, like Hernandez, files a motion for new trial seeking
reinstatement of his or her cause following a dismissal for want of prosecution, the motion functions as a motion to
reinstate. See City of McAllen v. Ramirez, 875 S.W.2d 702, 704-05 (Tex. App.--Corpus Christi 1994, original
proceeding). 
2. See Tex. R. App. P. 33.1. Even if Hernandez had preserved her complaint, we would nonetheless reject
Hernandez's contention on appeal. It was clear to Hernandez following the entry of the court's stay order that the court
had made an obvious typographical error regarding the identity of the parties. The record shows that Hernandez filed
"Plaintiff's Motion To Lift Stay And To Enter New Pretrial Guideline Order" following the court's stay order in which
she admits that she is the party legally obligated to pay the court costs, not ISE. Given Hernandez's awareness of her
obligation to pay the court costs despite the typographical error by the trial court, we fail to see why reinstatement of the
underlying cause is warranted under these circumstances.