**Dismissed and Memorandum Opinion filed August 13, 2025.**



In The

# Fifteenth Court of Appeals

### NO. 15-24-00109-CV

**BRANDON HODGES, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS TRUSTEE OF DISTRICT FOR MIDLAND ISD; DR. MARY BONE, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY AS A TRUSTEE OF ROUND ROCK ISD; AND DANIELLE WESTON, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY AS A TRUSTEE OF ROUND ROCK ISD, Appellants**

V.

**PECOS-BARSTOW-TOYAH INDEPENDENT SCHOOL DISTRICT, ET AL, Appellees**

**On Appeal from the 201st District Court**
**Travis County, Texas**
**Trial Court Cause No. D-1-GN-24-005018**

## MEMORANDUM  OPINION

This is one of four causes filed in this Court arising out of litigation originally filed by 5 of the 1,200 school districts in Texas against Texas Commissioner of

Education Mike Morath, seeking to bar him from publishing school accountability rankings for the 2024 school year.[1] Three trustees of other school districts ("the Trustees") intervened in opposition, urging the trial court to allow the Commissioner to release the ratings. In one of six orders signed on September 18, 2024, the trial court sua sponte dismissed the Trustees suit "for want of prosecution" for failing to attend an evidentiary hearing, even though they did not request the hearing, sought no affirmative relief in it, and were not given notice that failure to appear could result in dismissal.[2]

But the Trustees' interlocutory appeal is not from that dismissal order; they complain only of the temporary injunction the trial court signed prohibiting the Commissioner from publishing the 2024 school ratings. Because we reversed that injunction in a companion case, we dismiss this appeal as moot.

## ANALYSIS

State law requires the Commissioner to publish performance ratings for school districts and campuses by August 15th each year.[3] Five school districts sued the Commissioner on August 12, 2024, three days before the deadline for the 2024 ratings. They sought declaratory and injunctive relief barring publication of the 2024 school ratings as well as recovery of attorneys' fees from the Commissioner.

Eleven days later, Brandon Hodges, a Trustee of the Midland Independent School District, filed a petition in intervention siding with the Commissioner and against the Plaintiffs. Two additional school trustees, Dr. Mary Bone and Danielle

---

[1]     We refer to school years by the calendar year in which they end.

[2]     *But see* TEX. R. CIV. P. 165a(1) ("A case may be dismissed for want of prosecution on failure of any party *seeking affirmative relief* to appear for any hearing or trial of which the party had notice. Notice of the court's intention to dismiss and the date and place of the dismissal hearing *must be sent* by the clerk to the parties as provided in Rule 21(f)(10)." (emphasis added)).

[3]     *See* TEX. EDUC. CODE § 39.054(a-3).

Weston of the Round Rock Independent School District, joined him in an amended plea in intervention seeking the same relief on September 13, 2024. The Trustees complained that the Plaintiffs' "lawfare strategy" to block release of the school ratings prevented them from performing their own statutory duties to oversee the schools in their districts.[4] They also sought recovery of attorneys' fees from the Plaintiffs under Chapter 37 of the Civil Practice & Remedies Code.

The trial court held an evidentiary hearing on the Plaintiffs' request for a temporary injunction and the Commissioner's plea to the jurisdiction on September 16–17, 2024. Immediately before that hearing, 28 new districts joined as Plaintiffs; during the hearing, the trial court struck all defendant intervenors. Neither the Trustees nor their counsel personally appeared, as they sought no affirmative relief in that hearing and raised no defenses different from those raised by the Commissioner. On September 18, 2024, the trial court issued six orders, all favoring the Plaintiffs and all against the defendants, including a temporary injunction that enjoined the Commissioner from releasing the 2024 school ratings.

Four causes challenging those orders were filed in this Court by different parties on different issues. In *Morath v. Pecos-Barstow-Toyah Independent School District, et al.*, an interlocutory appeal filed by the Commissioner, we reversed and vacated the trial court's orders granting the temporary injunction and rendered judgment granting the Commissioner's plea to the jurisdiction and dismissing him and all claims against him from the case.[5] We then dismissed as moot the petition in *In re IDEA Public Schools*, because our disposition in *Pecos* granted all the relief it had sought in the trial court.[6] We resolve the remaining two today.

---

[4]     The petition cited Tex. Educ. Code § 11.1511(b)(2), (4)–(6).

[5]     *Morath v. Pecos-Barstow-Toyah Indep. Sch. Dist.*, 2025 WL 1833467, at *9 (Tex. App. (15th Dist.) July 3, 2025, no pet. h.).

[6]     *In re IDEA Public Schools*, No. 15-24-00100-CV, slip op. at 3 (Tex. App. (15 Dist.) Aug.

3

In this proceeding, the Trustees do not challenge the order dismissing their claims "for want of prosecution." Instead, they filed an interlocutory appeal that challenged the temporary injunction directed at the Commissioner, arguing that it would harm their own ability "to evaluate their performance and improve their schools." Our judgment in *Pecos* reversed and dissolved that temporary injunction.[7] Accordingly, we dismiss this appeal as moot.[8]

Scott Brister

Scott Brister
Chief Justice

Panel consists of Chief Justice Brister and Justices Field and Farris.

---

14, 2025, orig. proceeding).

[7]     *Pecos-Barstow-Toyah Independent School District*, 2025 WL 1833467, at *9.

[8]     The Trustees' petition in intervention also requested attorneys' fees under Tex. Civ. Prac. & Rem. Code § 37.009. That issue was not raised in their interlocutory appeal in this Court, and was not addressed or rendered moot by our judgment in *Pecos*. The trial court's interlocutory order dismissing them for want of prosecution remains pending below. *See Tex. Sting, Ltd. v. R.B. Foods, Inc.*, 82 S.W.3d 644, 647–48 (Tex. App.–San Antonio 2002, pet. denied) (holding that notice of appeal from default judgment that was the final order in the case allowed appellant to raise issues challenging prior interlocutory order dismissing part of case for want of prosecution).