James C. MOSSER, Appellant

v.

PLANO THREE VENTURE, Wentworth Estates Residential Association, Inc., and Paramount Land Development, Inc., Appellees.

No. 05–94–00057–CV.

Court of Appeals of Texas, Dallas.

Dec. 19, 1994.

James C. Mosser, Plano, for appellant.

Catherine Clifton, Geary, Porter & West, P.C., Dallas, for appellees.

Before THOMAS, OVARD and WHITTINGTON, JJ.

## OPINION

WHITTINGTON, Justice.

In this appeal, we must decide whether a party who never receives notice of a summary judgment hearing is required to comply with the requirements set out in *Craddock v. Sunshine Bus Lines, Inc.,* 134 Tex. 388, 133 S.W.2d 124 (1939) to obtain a new trial. We conclude that it does not. Appellant James Mosser, a homeowner, sued appellees to enforce and amend restrictive covenants in a planned residential community. Appellees filed a motion for summary judgment and, after a hearing, the trial judge granted appellees' motion. On appeal, appellant contends the judgment must be reversed because he was never notified of the summary judgment hearing, as required by law. We agree with appellant that the failure to receive actual or constructive notice of a summary judgment hearing requires reversal. Accordingly, we reverse the trial court's judgment and remand the case for further proceedings.

## PROCEDURAL BACKGROUND

Appellant sued appellees and several other defendants to prevent the amendment of certain restrictive covenants governing the subdivision where appellant owns a residence. After filing their original answers, appellees filed a joint motion for summary judgment. Appellees' motion contains a certificate of service signed by appellees' attorney and a fiat to notify appellant of the hearing date. Although the certificate of service states the motion was mailed to appellant via certified mail, the fiat is silent as to the date and time set for the hearing. The trial court set the motion for hearing.

On the day of the hearing, appellees appeared in court and presented their motion for summary judgment. The trial judge noted on his docket sheet that appellant, although notified of the hearing, did not appear. The trial court granted appellees' motion for summary judgment.

Appellant filed two timely motions for new trial, supported by affidavits, claiming he was entitled to a new trial because he had not been notified of the summary judgment hearing and had not received any of the documents filed in support of the motion. Both motions for new trial were overruled by the trial judge, and this appeal followed.

## STANDARD OF REVIEW

Determining whether to grant or deny a motion for new trial is a matter which falls within the sound discretion of the trial judge. *Bank One, Texas, N.A. v. Moody,* 830 S.W.2d 81, 85 (Tex.1992); *Strackbein v. Prewitt,* 671 S.W.2d 37, 38 (Tex.1984). Although the trial judge's decision will not be disturbed absent an abuse of discretion, *Strackbein,* 671 S.W.2d at 38, we treat the trial judge's application of law to the facts with less deference than we do the judge's findings of fact. *Greiner v. Jameson,* 865 S.W.2d 493, 498 (Tex.App.—Dallas 1993, writ denied). The trial judge does not have unbridled discretion to decide a motion for new trial, but instead must rely upon guiding rules and principles in reaching his/her decision. *See Craddock,* 133 S.W.2d at 126. The guiding rules and principles a trial judge

must follow are contained in the Texas Rules of Civil Procedure as well as the decisions of the appellate courts of this state and of the United States.

## MOTIONS FOR NEW TRIAL

In his second point of error, appellant contends the trial judge erred in overruling his motions for new trial because he conclusively established that he did not receive notice of the summary judgment hearing. Appellees respond that the trial judge properly overruled appellant's motions because (1) rule 21a of the Texas Rules of Civil Procedure creates a rebuttable presumption that appellant did in fact receive notice of the hearing, and (2) appellant did not satisfy the requirements for obtaining a new trial under *Craddock.* Because there is no evidence in the record indicating that appellant received actual or constructive notice of the date and time set for the summary judgment hearing, we conclude the trial court erred in denying appellant's motions for new trial.

### Presumption Under Rule 21a

■ Rule 166a of the Texas Rules of Civil Procedure requires that a party serve notice of a summary judgment *hearing* on opposing counsel at least twenty-one days before the hearing date. TEX.R.CIV.P. 166a(c); *Gulf Ref. Co. v. A.F.G. Management 34 Ltd.,* 605 S.W.2d 346, 349 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.). Rule 21a of the Texas Rules of Civil Procedure provides:

Service by mail shall be complete upon deposit of the paper, enclosed in a post-paid, properly addressed wrapper, in a post office or official depository under the care and custody of the United States Postal Service.... A certificate by a party or an attorney of record, or the return of an officer, or the affidavit of any person showing service of a notice shall be prima facie evidence of the fact of service. Nothing herein shall preclude any party from offering proof that the notice or instrument was not received....

TEX.R.CIV.P. 21a. Under rule 21a, if notice of the *hearing* is properly addressed and mailed, postage prepaid, a presumption arises that the notice was properly received by the addressee. *Cliff v. Huggins,* 724 S.W.2d 778, 780 (Tex.1987). The certificate of service of the party or attorney is the basis for the presumption. *Cronen v. City of Pasadena,* 835 S.W.2d 206, 209 (Tex.App.—Houston [1st Dist.] 1992, no writ). The presumption may be rebutted by an offer of proof of nonreceipt. *Cliff,* 724 S.W.2d at 780.

In this case, the rule 21a certificate of service accompanying appellees' motion for summary judgment states:

I hereby certify that a true and correct copy of the above and foregoing Defendants' Motion for Summary Judgment was served upon James C. Mosser, Plaintiff Pro Se, 4005 Westmoreland, Plano, Texas 75093, via certified mail, return receipt requested, on this 13th day of August, 1993.

Although the certificate indicates the motion itself was served on appellant, it does not indicate appellant was ever notified of the date and time of the hearing. The motion for summary judgment and the fiat are likewise silent with respect to a date and time for the hearing. Appellant's affidavits filed in support of his new trial motions indicate that appellant never received notice of the hearing scheduled on appellees' summary judgment motion.

■ At a minimum, notice of a summary judgment hearing under rule 21a requires that (1) the opposing party be advised that the motion has in fact been set for hearing, and (2) the date and time of the hearing be included in the fiat. *See* TEX.R.CIV.P. 21a; *see also,* TEX.R.CIV.P. 166a. Because the record shows that appellees never mailed notice of the scheduled hearing to appellant, we conclude they are not entitled to rely on the presumption of notice under rule 21a. Appellant did not receive actual or constructive notice of the summary judgment hearing.

### *Craddock* Requirements

Next, appellees argue we should affirm this case because appellant failed to comply

with the *Craddock* requirements.[1] According to appellees, appellant was required to establish the existence of all three *Craddock* requirements before the trial court could grant a new trial. We disagree.

■ *Craddock* states:

A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; provided the motion for a new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff.

*Craddock*, 133 S.W.2d at 126. Although *Craddock* involved a default judgment taken after a defendant failed to answer, the same requirements have been applied to motions for new trial following "default" summary judgments. *Gonzales v. Surplus Ins. Servs.*, 863 S.W.2d 96, 102 (Tex.App.—Beaumont 1993, writ denied); *Costello v. Johnson*, 680 S.W.2d 529, 531 (Tex.App.—Dallas 1984, writ ref'd n.r.e.). Both *Gonzales* and *Costello* involved parties that failed to appear at summary judgment hearings despite receiving actual or constructive notice of the hearings. *See Gonzales*, 863 S.W.2d at 102; *Costello*, 680 S.W.2d at 531. Appellant contends *Gonzales* and *Costello* are inapplicable to the instant suit because, unlike the appellants in those cases, he never received either actual or constructive notice of the hearing date in this case. Appellant contends that the failure to provide him notice of the summary judgment hearing relieves him of the responsibility of complying with the *Craddock* requirements.

In *Peralta v. Heights Medical Ctr., Inc.*, 485 U.S. 80, 86, 108 S.Ct. 896, 899–900, 99 L.Ed.2d 75 (1988), the United States Supreme Court reversed a Texas state court decision holding that a defaulting defendant was not entitled to a new trial because he had not shown a meritorious defense under *Craddock*. In reaching its decision, the Court concluded that a defendant who has never received notice of the pending litigation is not required to comply with *Craddock*'s meritorious defense requirement. *Peralta*, 485 U.S. at 86, 108 S.Ct. at 899–900. In *Lopez v. Lopez*, 757 S.W.2d 721 (Tex. 1988), the Texas Supreme Court followed *Peralta* and held that a party who has not received notice of a trial setting is not required to set forth a meritorious defense to obtain a new trial. *Lopez*, 757 S.W.2d at 723.

The question that remains unanswered after *Peralta* and *Lopez* is: Does a party who never receives notice of a summary judgment hearing have to comply with the two remaining requirements of *Craddock* to obtain a new trial?[2] We conclude that it does not.

■ An elementary and fundamental requirement of due process in any proceeding that is to be accorded finality is notice reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them the opportunity to present their objections thereto. *Peralta*, 485 U.S. at 84, 108 S.Ct. at 898–99. The failure to give adequate notice violates the most rudimentary demands of due process of law. *Peralta*, 485 U.S. at 84, 108 S.Ct. at 898–99. We do not believe that a party who, through no fault of its own, does not receive notice of a hearing can (1) be accused of intentional failure to appear or conscious indifference, or (2) have its due process rights overcome by considerations of inconvenience or injury to the other party. Accordingly, we hold that a party who has been denied due process of law through lack of notice of a summary judgment hearing is not required to meet the remaining *Craddock* requirements to be entitled to a new trial. *See Green v. McAdams*, 857 S.W.2d 816, 819

1. The affidavits filed in support of appellant's new trial motions set forth only facts relating to appellees' failure to notify him of the summary judgment hearing.

2. The two remaining requirements of *Craddock* are: (1) the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference, but was due to accident or mistake; and (2) the motion for new trial is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff. *Craddock*, 133 S.W.2d at 126.

(Tex.App.—Houston [1st Dist.] 1993, no writ) (concluding it would violate due process to require party to comply with *Craddock* when party had neither actual nor constructive notice of trial setting). We find *Peralta* supports this conclusion:

> As we observed in *Armstrong v. Manzo*, 380 U.S. [545, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965) ], only "wip[ing] the slate clean ... would have restored the petitioner to the position he would have occupied had due process of law been accorded to him in the first place." The Due Process Clause demands no less in this case.

*Peralta*, 485 U.S. at 87, 108 S.Ct. at 900.

Because the record establishes that appellant had neither actual nor constructive notice of the summary judgment hearing, we conclude it would violate due process to require him to meet the *Craddock* requirements to obtain a new trial. Accordingly, we sustain appellant's second point of error.

Our disposition of appellant's second point of error makes it unnecessary for us to consider the arguments in appellant's first point of error regarding the sufficiency of appellees' summary judgment evidence. TEX. R.APP.P. 90(a).

We reverse the trial court's judgment and remand the case for further proceedings.