In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00055-CV


______________________________




J. L. FORRESTER, INDIVIDUALLY AND


AS OPERATOR OF THE MANZIEL GAS UNIT NO. 2, Appellant


V.



OIL CON. TECH, INC., Appellee




 


On Appeal from the County Court


Upshur County, Texas


Trial Court No. 7499




 




Before Cornelius, C.J., Grant and Ross, JJ.


Opinion by Justice Grant



O P I N I O N


 J. L. Forrester, Individually and as Operator of the Manziel Gas Unit No. 2, appeals from a
summary judgment obtained by Oil Con. Tech, Inc. in a suit based on a sworn account. Forrester
contends on appeal that the county court erred by failing to grant his request for a new trial because
the record shows that he did not receive notice of the date that a hearing would be conducted on the
motion for summary judgment.

 The issue before this court is whether the failure to provide notice to a nonmovant of the
hearing date on a motion for summary judgment constitutes reversible error. This issue has been
addressed before, although not previously by this court. The procedural posture of this case matches
that described in Mosser v. Plano Three Venture, 893 S.W.2d 8 (Tex. App.-Dallas 1994, no writ). 
As in this case, the nonmovant in a summary judgment proceeding contended that he had received
no notice of the hearing on the motion. Mosser filed a motion for new trial, supported by affidavit,
claiming the summary judgment must be reversed because he received no notice of the hearing. 
Mosser complained on appeal that the trial court erred in overruling his motion for new trial in which
he claimed the summary judgment must be reversed because he received no notice of the hearing on
the motion. The Dallas Court of Appeals reversed the judgment of the trial court. In doing so, the
court used the following language:

 An elementary and fundamental requirement of due process in any proceeding
that is to be accorded finality is notice reasonably calculated, under the
circumstances, to apprise interested parties of the pendency of the action and afford
them the opportunity to present their objections thereto. Peralta v. Heights Medical
Ctr., Inc., 485 U.S. 80, 84, 108 S.Ct. 896, 99 L.Ed.2d 75, 81 (1988). The failure to
give adequate notice violates the most rudimentary demands of due process of law. 

Mosser, 893 S.W.2d at 12. The court went on to quote the following from Peralta: 

 As we observed in Armstrong v. Manzo, 380 U.S. [545, 85 S.Ct. 1187, 14 L.Ed.2d
62 (1965)], only "wip[ing] the slate clean . . . would have restored the petitioner to
the position he would have occupied had due process of law been accorded to him
in the first place." The Due Process Clause demands no less in this case. Peralta,
99 L.Ed.2d at 82.

Mosser, 893 S.W.2d at 13.

 Mosser illustrates the fundamental right of a party to receive notice of the pendency of an
action sufficient to afford him the opportunity to respond. (1)
 In this context, the scheduling of a
summary judgment hearing is actually more significant than the occurrence of the hearing because
the hearing date determines the deadline for any response to the motion-and oral testimony cannot
be adduced at the hearing. Tex. R. Civ. P. 166a(c).

 In this case, Forrester stated categorically through affidavit that he did not have notice of any
date of hearing on the summary judgment. This is supported by the record, because the attachment
to Oil Con.'s Motion for Summary Judgment which would contain a date for the hearing is blank. 
Forrester did not appear at the summary judgment hearing, and he did not file or seek to late-file a
response to the Motion for Summary Judgment. Further, Oil Con. did not file any response to
Forrester's Motion for New Trial or make any effort to rebut his claim that he had no notice of the
setting of a hearing date on the Motion for Summary Judgment. No hearing was held on the Motion
for New Trial. Thus, the only evidence before this court is Forrester's affidavit attached to his
Motion for New Trial. 

 Determining whether to grant or deny a motion for new trial is a matter which falls within
the sound discretion of the trial judge. Bank One, Texas, N.A. v. Moody, 830 S.W.2d 81, 85 (Tex.
1992); Strackbein v. Prewitt, 671 S.W.2d 37, 38 (Tex. 1984). Although the trial judge's decision will
not be disturbed absent an abuse of discretion, Strackbein, 671 S.W.2d at 38, we treat the trial judge's
application of law to the facts with less deference than we do the judge's findings of fact. Greiner
v. Jameson, 865 S.W.2d 493, 498 (Tex. App.-Dallas 1993, writ denied). The trial judge does not
have unbridled discretion to decide a motion for new trial, but instead must rely on guiding rules and
principles in reaching his or her decision. Mosser, 893 S.W.2d at 10.

 Because the record establishes that Forrester had neither actual nor constructive notice of the
summary judgment hearing, and in the absence of any appearance of waiver, we conclude that the
trial court abused its discretion by failing to grant a new trial.


 We reverse the trial court's judgment and remand the case for further proceedings.



 Ben Z. Grant

 Justice


Date Submitted: November 5, 2001

Date Decided: November 6, 2001


Do Not Publish
1. Reaching the same conclusion: Martin v. Martin, Martin & Richards, Inc., 991 S.W.2d 1,
14 (Tex. App-Fort Worth 1997), rev'd on other grounds, 989 S.W.2d 357 (Tex. 1998); Guinn v.
Zarsky, 893 S.W.2d 13 (Tex. App.-Corpus Christi 1994, no writ) (agreeing with the reasoning, but
distinguishing because the argument was waived below).