ACCEPTED
03-17-00543-CV
21523412
THIRD COURT OF APPEALS
AUSTIN, TEXAS
12/29/2017 10:50 AM
JEFFREY D. KYLE
CLERK

No. 03-17-00543-CV

**IN THE COURT OF APPEALS
THIRD DISTRICT
AT AUSTIN, TEXAS**

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
1/2/2018 8:00:00 AM
JEFFREY D. KYLE
Clerk

**RANDALL B. WARD, Appellant**

*v.*

**SUZANNE BANOWSKY MCCASKILL, Appellee**

**APPEAL FROM THE 274TH DISTRICT COURT OF COMAL COUNTY
TRIAL COURT CAUSE NUMBER C2015-1012C**

**BRIEF FOR APPELLANT**

Gina Jones
State Bar No. 24036855
200 North Seguin Avenue
New Braunfels, Texas 78130
(830) 625-5454 – Phone
(830) 606-2036 – Facsimile
lawofficeofginajones@gmail.com

Attorney for Appellant
Randall B. Ward

**ORAL ARGUMENT REQUESTED**

## Identity of Parties and Counsel

### Attorneys for the Appellant, Randall B. Ward

**AT TRIAL & ON APPEAL**
Gina Jones
JONES SULLIVAN, PLLC
200 North Seguin Avenue
New Braunfels, Texas 78130
(830) 625-5454 – Phone
(830) 606-2036 – Facsimile
lawofficeofginajones@gmail.com

### Attorneys for the Appellee, Suzanne Banowsky McCaskill

**AT HEARING**
Deborah Wigington
DEBORAH LINNARTZ WIGINGTON & ASSOCIATES, PLLC
140 South Walnut Avenue
New Braunfels, Texas 78130
(830) 627-7300 – Phone
1-866-706-8765 – Facsimile
deb@dlwlawfirm.com

# Table of Contents

List of Parties and Counsel ................................................................................................. i

Table of Contents ........................................................................................................... ii

Index of Authorities ....................................................................................................... iii

Summary of the Argument .............................................................................................. 1

    A. Standard of Review ............................................................................................. 1

    B. Notice of Hearing to Appellant on April 26, 2017 was Inadequate to Allow the Court to Make a Default Judgement Against Plaintiff ............................................................. 2

    C. Appellant was Denied His Due Process Rights Guaranteed Under the Fourteenth Amendment to the U.S. Constitution Because He Did Not Receive Notice of Hearing on April 26, 2017 ............................................................................................................. 3

    D. Conclusion ......................................................................................................... 6

Prayer ............................................................................................................................. 7

Certificate of Service ...................................................................................................... 8

Certificate of Service ...................................................................................................... 9

# Index of Authorities

## Cases

*Alexander v. Lynda's Boutique*, 134 S.W.3d 845 (Tex. 2004). ...................................................3

*General Elec. Co. v. Falcon Ridge Apartments, Joint Venture*, 811 S.W.2d 942 (Tex. 1991). .......3

*Ginn v. Forrester*, 282 S.W.3d 430 (Tex. 2009). ........................................................................3

*Kuykendall v. Beverly*, 436 S.W.3d 809 (Tex. App.—Texarkana 2014, no pet.). ..........................6

*LBL Oil Co. v. International Power Servs., Inc.*, 777 S.W. 2d 390 (Tex. 1989). ...........................5

*Lopez v. Lopez*, 757 S.W. 2d 721 (Tex. 1988). ............................................................................5

*Mahand v. Delaney*, 60 S.W.3d 371 (Tex. App.—Houston [1st Dist.] 2001), no pet. h.)...............5

Matthews v. Eldridge, 424 U.S. 319 (1976). ...............................................................................4

*Mosser v. Plano Three Venture*, 893 S.W.2d 8 (Tex. App.—Dallas 1994, no writ). .....................5

*Myers v. County of Williamson*, 2011 WL 6352288 (Tex. App.—Austin Dec. 16, 2011, no pet.). 6

*Pennoyer v. Neff*, 95 U.S. 714 (1878). ........................................................................................4

*Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80 (1988). ............................................................4, 5

*Smith v. Holmes*, 53 S.W.3d 815 (Tex. App.—Austin 2001, no. pet. h.). .....................................5

*Steele v. Steele*, 2009 WL 2567911 (Tex. App.—Austin, Aug. 19, 2009). ...............................1, 2

*World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980). ..............................................4

*Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100 (1969). ........................................4

## Rules

TEX. R. APP. P. 26.1(a). ..............................................................................................................1

Tex. R. App. P. 30. .....................................................................................................................3

## Summary of the Argument

### A. <u>Standard of Review</u>

"A restricted appeal is available for the limited purpose of providing a non-participating party an opportunity to correct an erroneous judgment." *Steele v. Steele*, No. 03-07-00011-CV, 2009 WL 2567911, at 2 (Tex. App. Aug. 19, 2009) (citing *Clopton v. Pak*, 66 S.W.3d 513, 516 (Tex. App .-Fort Worth 2001, pet. denied)). To prevail on his restricted appeal, Appellant must establish that: (1) he filed notice of the restricted appeal within six months after the judgment was signed; (2) he was a party to the underlying lawsuit; (3) he did not participate in the hearing that resulted in the judgment complained of and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *Steele* at 2 (citing *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex.2004)).

"The face of the record, for purposes of a restricted appeal, consists of all the papers, including the reporter's record, on file when the trial court rendered judgment." *Steele* at 3 (citing *DSC Fin. Corp. v. Moffitt*, 815 S.W.2d 551 (Tex.1991)); TEX. R. APP. P. 26.1(c), 30. "Because a restricted appeal affords the same scope of review as an ordinary appeal, the appealing party may challenge the legal and factual sufficiency of the evidence to support the order rendered." *Steele* at 3 (citing *Miles v. Peacock*, 229 S.W.3d 384, 387 (Tex.App.-Houston [1st Dist.] 2007, no pet.) (citing *Norman Commc'ns v. Texas Eastman Co.*, 955 S.W.2d 269, 270 (Tex.1997)).

"In family law cases, the traditional sufficiency standards of review overlap with the abuse-of-discretion standard of review; therefore, legal and factual insufficiency are not independent grounds of error but are relevant factors in our assessment of whether the trial court abused its discretion." *Steele* at 3 (citing *Boyd v. Boyd*, 131 S.W.3d 605, 611 (Tex.App.-Fort Worth 2004, no pet.)). "Accordingly, to determine whether there has been an abuse of discretion because the evidence is legally or factually insufficient to support the trial court's decision, we engage in a two-

1

pronged inquiry, determining whether (1) the trial court had sufficient evidence upon which to exercise its discretion, and (2) the trial court erred in its application of that discretion." *Steele* at *3* (citing *Moroch v. Collins,* 174 S.W.3d 849, 857 (Tex.App.-Dallas 2005, pet. denied)). "The applicable sufficiency review comes into play with regard to the first question" (*Steele* at 3 (citing *Boyd,* 131 S.W.3d at 611)) and a legal-sufficiency point must be sustained when, among other things, "...the evidence conclusively establishes the opposite of the vital fact." *Steele* at 3 (citing *City of Keller v. Wilson,* 168 S.W.3d 802, 810 & nn. 15-16 (Tex.2005)).

The judgment or order being appealed was signed on April 26, 2017. Appellant filed notice of the restricted appeal on August 14, 2017, which is within the required six-month time frame. Appellant appeared and was the respondent in the underlying lawsuit. Appellant did not participate in the hearing that resulted in the judgment complained of due to a lack of notice and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law.

### A. Appellant did not Receive Notice of the Final Hearing on April 26, 2017

On April 12, 2016, the trial court signed the "Order on Motion for Withdrawal of Counsel" submitted by Marilee Brown, Appellant's former attorney of record at trial. In said order, the trial court stated:

> "The Court finds that the last known address of [Appellant] Randall B. Ward is 722
>
> W. 30th Street, Houston, Texas 77018 and ORDERS that all notices in this case
>
> shall either be delivered to [Appellant] Randall B. Ward in person or sent to
>
> [Appellant] Randall B. Ward at that address by both certified and regular first class
>
> mail."

(CR. P. 40, L. 12-15).

Despite the above language in the trial court's order, Appellee's counsel at trial, Deborah L. Wigington, mistakenly mailed the notice to 958 Coyote Ridge Dr., Spring Branch, Texas 78070, which happened to be the address of her client, Suzanne Banowsky McCaskill, petitioner at trial and appellee in the instant case. (CR. P. 54). Nonetheless, during the final hearing of April 26, 2017, Wigington stated on the record that she had "... sent [Appellant] notice on March 1st by certified and by regular mail" (RR. P. 5, L. 5-7) to the "...address that was in the order for withdrawal of [Appellant's] last known address from Ms. Brown." (RR. P. 5, L. 10-12). These statements simply are not true. (CR. P. 40, L. 12-15; P. 54). Furthermore, Appellant was never noticed of the court's order as to the April 26, 2017 final hearing, which prevented him from acquiring the requisite knowledge of the existence of the trial court's order necessary in the filing of a motion for new trial as notice of the court's order was also mistakenly sent to 958 Coyote Ridge Dr., Spring Branch, Texas 78070. (CR. P. 56).

When, as here, a party claims in a restricted appeal that the required notice was not given, the error must appear on the face of the record. *Ginn v. Forrester*, 282 S.W.3d 430, 432 (Tex. 2009); *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); *General Elec. Co. v. Falcon Ridge Apartments, Joint Venture*, 811 S.W.2d 942, 943 (Tex. 1991); *see also* TEX. R. APP. P. 30. Although the trial court neither requested nor entered any evidence to the record that would have either supported or controverted such fact, simply taking Wigington's word, as an officer of the court, that notice had been perfected on Appellant and that the case was ripe for default, it is affirmatively shown in the Clerk's record that Appellant did not receive notice of the final hearing. (RR. p. 4, l. 11-16).

**B. Lack of Notice Deprived Appellant of his Rights to Due Process Guaranteed Under the 14th Amendment to the U.S. Constitution**

"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them the opportunity to present their objections." *Peralta v. Heights Med. Ctr., Inc.,* 485 U.S. 80, 84–85 (1988) (quoting *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950). Failure to give notice violates "the most rudimentary demands of due process of law." *Peralta* at 84–85 (quoting *Armstrong v. Manzo,* 380 U.S. 545, 550 (1965); See also at 85 *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 291 (1980); *Mathews v. Eldridge,* 424 U.S. 319, 333 (1976); *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 395 U.S. 100, 110 (1969); *Pennoyer v. Neff,* 95 U.S. 714, 733 (1878).

"Where a person has been deprived of property in a manner contrary to the most basic tenets of due process, 'it is no answer to say that in his particular case due process of law would have led to the same result because he had no adequate defense upon the merits.'" *Peralta* at 86–87 (quoting *Coe v. Armour Fertilizer Works,* 237 U.S. 413, 424 (1915). "As we observed in *Armstrong v. Manzo,* 380 U.S., at 552, only 'wip[ing] the slate clean ... would have restored the petitioner to the position he would have occupied had due process of law been accorded to him in the first place.'" *Id.* "The Due Process Clause demands no less in this case." *Id.*

"Once a defendant has made an appearance in a cause, he is entitled to notice of the trial setting as a matter of due process under the Fourteenth Amendment to the United States Constitution." *LBL Oil Co. v. International Power Servs., Inc.,* 777 S.W.2d 390, 390–91 (Tex. 1989) (per curiam). A defendant who does not receive notice of a post-answer default judgment proceeding is deprived of due process. *Id.* A party who has been denied due process through lack of notice of a trial setting satisfies the first *Craddock* factor and is not required to meet the remaining requirements to be entitled to a new trial. *Lopez v. Lopez,* 757 S.W.2d 721, 723

4

(Tex.1988) (holding that *Peralta* eliminated the second requirement as a matter of constitutional law in notice cases); Mahand v. Delaney, 60 S.W.3d 371 (Tex.App.-Houston [1st Dist.] 2001, no pet. h.); *Smith v. Holmes*, 53 S.W.3d 815, 817-18 (Tex.App.-Austin 2001, no pet. h .); see also *Mosser v. Plano Three Venture*, 893 S.W.2d 8, 12-13 (Tex.App.-Dallas 1994, no writ) (all holding that the third requirement is necessarily also eliminated in notice cases).

If the party has no notice of the trial or hearing, then the party is entitled to have the default judgment set aside without consideration of the second and third requirements of *Craddock*. *See LBL Oil Co. v. Int'l Power Servs. Inc.,* 777 S.W.2d at 390-91 (reviewing a notice defect in the context of a post-answer default judgment and reviewing the due process claim pursuant to *Peralta* and without reference to any other *Craddock* requirement); *see id.* (reversing and remanding case to trial court based on conclusion that defendant had no actual or constructive notice of trial setting); *Lopez v. Lopez,* 757 S.W.2d 721, 722–23 (Tex. 1988) (per curiam) (in context of post-answer default judgment, remanding for new trial and concluding that defendant was not required to establish *Craddock* element of meritorious defense when record established that defendant did not have actual or constructive notice of trial setting); *Kuykendall v. Beverly,* 436 S.W.3d 809, 814–15 (Tex. App.–Texarkana 2014, no pet.) (noting in context of post-appearance default that, "when the defendant did not receive actual or constructive notice of trial, he has met the first prong of *Craddock,* and due process prevents the application of the second and third prongs of the *Craddock* test"); *Myers v. County of Williamson,* No. 03–10–00410–CV, 2011 Tex.App. LEXIS 9948, at \*15, 2011 WL 6352288 (Tex. App.–Austin Dec. 16, 2011, no pet.) (mem.op.) (concluding that "defendant who has been denied due process through lack of notice of a trial setting is entitled to a new trial without further showing").

5

## C. Conclusion

Appellant has affirmatively shown that (1) he was not noticed of the final hearing held on April 26, 2017, in violation of his due process rights guaranteed under the 14th Amendment of the U.S. Constitution (CR. P. 54); (2) Appellant was never noticed of the court's order as to the April 26, 2017 final hearing, which prevented him from acquiring the requisite knowledge of the existence of the trial court's order necessary in the filing of a motion for new trial(CR. P. 56); (3) he filed notice of the restricted appeal within six months after the judgment was signed; (4) he was a party to the underlying lawsuit; (5) he did not participate in the hearing that resulted in the judgment complained of and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law; and (6) error is apparent on the face of the record(CR. P. 40, L. 12-15; P. 54; P. 56). As such, Appellant is entitled to have the default judgment set aside followed by a new trial.

## Prayer

Wherefore, premises considered, Appellant prays that this Honorable Court of Appeals reverse the trial court's order granting Appellee reimbursement of nineteen thousand, four hundred and forty-three dollars and twelve cents ($19,443.12) and reverse the division of the community and separate property in the Final Divorce Decree signed April 26, 2017 because the Appellant received inadequate notice of hearing and was denied his Due Process rights guaranteed under the Fourteenth Amendment of the U.S. Constitution. The Appellant prays that the Court remand this case to the District Court for further orders.

JONES SULLIVAN, PLLC

By:

Gina Jones
200 North Seguin Avenue
New Braunfels, Texas 78130
(830) 625-5454 – Phone
(830) 606-2036 – Facsimile
lawofficeofginajones@gmail.com

*Attorneys for Appellant Ward*

7

## Certificate of Service

I, Gina Jones, attorney for the Appellant, Randall B. Ward, hereby certify that a true and correct copy of this Brief for the Appellant has been delivered to Appellee counsel, Deborah Wigington:

Ms. Deborah Wigington
Deborah Linnartz Wigington & Associates, PLLC
140 South Walnut Avenue
New Braunfels, Texas 78130
Attorney for Appellee, Suzanne Banowsky McCaskill

By electronically sending it through efile.txcourts.gov service, this 28th day of December, 2018.

Gina Jones

## Certificate of Compliance

I hereby certify, pursuant to Rule 9.4(i)(2)(B) and Rule 9.4(i)(3) of the State of Texas Rules of Appellate Procedure that the instant brief is computer-generated using LibreOffice and said computer program has identified that there are 1867 words within the portions of this brief required to be counted by Rule 9.4(i)(1) & (2) of the Texas Rules of Appellate Procedure.

The document was prepared in proportionally-spaced typeface using Times New Roman 12 for text.

_____
Gina Jones

## Appendix

1. Order On Motion For Withdrawal of Counsel

2. Attorney's Certificate of Respondent's Last Known Mailing Address

3. Court Reporter's Record on Final Divorce April 26, 2017

4. Final Decree Of Divorce

FILED FOR RECORD
At_9:24_o'clock_A_M
APR 12 2016
HEATHER N. KELLAR
CLERK DISTRICT COURT
COMAL COUNTY, TEXAS
BY_____ DEPUTY

NO. <u>C2015-1012C</u>

| | | |
|---|---|---|
| IN THE MATTER OF | § | IN THE DISTRICT COURT |
| THE MARRIAGE OF | § | |
| | § | |
| SUZANNE B. MCCASKIL | § | 274th JUDICIAL DISTRICT |
| AND | § | |
| RANDAL B. WARD | § | COMAL COUNTY, TEXAS |

## ORDER ON MOTION FOR WITHDRAWAL OF COUNSEL

On *April 12, 2016* the Court considered the Motion for Withdrawal of Counsel of Marilee H. Brown.

The Court finds that good cause exists for withdrawal of Marilee H. Brown as counsel.

The Court finds that a copy of the Motion for Withdrawal of Counsel was delivered to Randal B. Ward, that Randal B. Ward was notified in writing of the right to object to the motion, that Randal B. Ward has not consented to the motion, that the last known address of Randal B. Ward is 958 Coyote Ridge Dr., Spring Branch, Texas, 78070, and that the pending settings and deadlines in the case are as follows:

Motion for Mediation set on 4/12/16 at 9:00 a.m..

IT IS THEREFORE ORDERED that Marilee H. Brown is permitted to withdraw as counsel of record for Randal B. Ward in this case.

The Court finds that the last known mailing address of Randal B. Ward is 722 W. 30th Street, Houston, Texas, 77018 and ORDERS that all notices in this case shall be either delivered to Randal B. Ward in person or sent to Randal B. Ward at that address by both certified and regular first-class mail.

The Court orders that Marilee H. Brown immediately notify Randal B. Ward in writing of any additional settings or deadlines of which Marilee H. Brown now has knowledge and has not

already notified Randal B. Ward. The Court further orders Marilee H. Brown to make available to Randal B. Ward, not later than _____ days after the date of entry of this order, the originals of all of Randal B. Ward's discovery responses and documents Randal B. Ward has produced in response to discovery requests.

SIGNED on April 12, 2016 .

_____
JUDGE PRESIDING

**AGREED TO AND APPROVED:**

HAZEL BROWN & MILLER, PLLC
163 W Bridge Street
New Braunfels, TX 78130
Tel: (830) 629-6955
Fax: (830) 629-2559

By: _____
/ Marilee H. Brown
State Bar No. 24046044
marilee@hazelbrownlaw.com
Attorney for Randal Barrett Ward

By: _____
Deborah Wigington
State Bar No. 24036971
deb@dlwlaw.com
Attorney for Suzanne B. McCaskill

REVIEWED AND AGREED:

_____
Randal Ward

FILED
Susan Collier
C2015-1012C
4/27/2017 10:57:28 AM
Heather N. Kellar
Comal County
District Clerk

NO. <u>C2015-1012C</u>

| | | |
|---|---|---|
| IN THE MATTER OF | § | IN THE DISTRICT COURT |
| THE MARRIAGE OF | § | |
| | § | |
| SUZANNE BANOWSKY MCCASKILL | § | ___ JUDICIAL DISTRICT |
| | § | |
| AND | § | |
| RANDAL BARRETT WARD | § | COMAL COUNTY, TEXAS |

## ATTORNEY'S CERTIFICATE OF RESPONDENT'S
## LAST KNOWN MAILING ADDRESS

In accordance with rule 239a of the Texas Rules of Civil Procedure, I certify that the last known mailing address of Respondent, Randal Barrett Ward, is 958 Coyote Ridge Dr., Spring Branch, Texas 78070.

Respectfully submitted,

DEBORAH LINNARTZ WIGINGTON
& ASSOCIATES, PLLC
140 S. Walnut Ave.
New Braunfels, Texas 78130
Tel: 830-627-7300
Fax: 1-866-706-8765

By: _____
Deborah L. Wigington
State Bar No. 24036971
deb@dlwlawfirm.com
Attorney for Petitioner

STATE OF TEXAS
COUNTY OF COMAL
I certify this to be a true and correct copy of the record FILED & RECORDED in the Official Court records of District Court on this date and time stamped thereon.

Heather N. Kellar
Comal County District Clerk
By: _____

REPORTER'S RECORD
VOLUME 1 OF 1 VOLUME

TRIAL COURT CAUSE NO. C2015-1012C

| | | |
|---|---|---|
| SUZANNE BANOWSKY MCCASKILL | ) | IN THE DISTRICT COURT |
| Petitioner | ) | |
| | ) | |
| | ) | COMAL COUNTY, TEXAS |
| VS. | ) | |
| | ) | |
| RANDAL B. WARD | ) | |
| Respondent | ) | 207TH JUDICIAL DISTRICT |

---------------------------------

FINAL DIVORCE

---------------------------------

On the 26th day of April, 2017, the following proceedings came on to be heard in the above-entitled and numbered cause before the Honorable Jack Robison, Judge presiding, held in New Braunfels, Comal County, Texas;

Proceedings reported by machine shorthand.

A P P E A R A N C E S

FOR THE PLAINTIFF:

Ms. Deborah L. Wigington
ATTORNEY AT LAW
140 South Walnut
New Braunfels, Texas 78130
Phone: (830) 627-7300

I N D E X
VOLUME 1

APRIL 26, 2017

FINAL DIVORCE

|  | Page | Vol |
|---|---|---|
| Appearances.................................. | 2 | 1 |

CHRONOLOGICAL WITNESS INDEX

PETITIONER'S WITNESSES:

|  | Direct | Cross | Voir Dire | Vol |
|---|---|---|---|---|
| SUZANNE MCCASKILL | 5 | -- | -- | 1 |

|  | Page | Vol |
|---|---|---|
| Court's Ruling................................ | 12 | 1 |
| Court Reporter Certificate.................... | 14 | 1 |

THE COURT: 2015-1012, in the matter of the marriage of Ward -- McCaskill and Ward.

Did you have time to call the name yet?

THE BAILIFF: (No Verbal Response.)

THE COURT: Have you had time to call the name yet?

THE BAILIFF: Not yet, Your Honor.

(Off the Record)

THE COURT: Any luck, Mr. Bailiff?

THE BAILIFF: No, Your Honor. No response.

THE COURT: No response. All right. I don't have a file, but if you tell me as an officer of the court that it is ripe for a default, I will take your word for it.

MS. WIGINGTON: Yes, Your Honor. This case has been filed since 2015, actually.

THE COURT: And Mr. Ward is not in the military?

MS. WIGINGTON: He is not in the military.

THE COURT: Very well.

MS. WIGINGTON: And he actually entered an appearance in the case. He was represented by counsel at one point. They withdrew. He is pro se.

THE COURT: Who was his lawyer?

MS. WIGINGTON: I think it was Ms. Brown

was his attorney at that point. I did send him notice of this hearing.

THE COURT: So this is a post answer default?

MS. WIGINGTON: Yes, Your Honor. I sent him notice on March 1st by certified mail and by regular First Class U.S. mail.

THE COURT: By the address he left in the file?

MS. WIGINGTON: It was the address that was in the order for withdrawal of his last known address from Ms. Brown.

THE COURT: There you go.

MS. WIGINGTON: May we proceed?

THE COURT: Sounds like you've crossed all the T's and dotted all the I's.

Your client needs to be sworn.

MS. WIGINGTON: Yes, Your Honor.

THE COURT: Raise your right hand.

(Whereupon Witness Sworn)

THE COURT: Thank you.

SUZANNE MCCASKILL,

having been first duly sworn, testified as follows:

DIRECT EXAMINATION

BY MS. WIGINGTON:

Q.   Would you please state your full name.

A.   Suzanne Banowsky McCaskill.

Q.   And, Suzanne, do you also have Ward as your last name on your driver's license?

A.   I do.

Q.   And are you presently married to Randal Barrett Ward?

A.   Yes, I am.

Q.   And were you married to Randal on or about February 27th, 2015?

A.   Yes, I was.

Q.   And did you cease to live together as husband and wife on approximately June 19 of 2015?

A.   Yes.

Q.   And has your marriage to Randal become insupportable due to a discord or a conflict of personalities that would destroy the legitimate ends of your marital relationship?

A.   Yes.

Q.   Is there any reasonable expectation of reconciliation?

A.   No.

Q.   Was there any child born of this marriage?

A.   No.

Q.   Any child adopted during this marriage?

A. No.

Q. Are you expecting a child at this time?

A. No.

Q. And we have prepared a proposed decree that would dispose of all the property and the debts of the marriage?

A. Yes.

Q. And do you believe that it is fair and equitable to both you and Randal?

A. Yes.

Q. And specifically you are asking the court to award each of you all the household furnishings, fixtures, and all other firearms possessions, equipment that would be located in your respective homes or subject to your own possession or control?

A. Yes.

Q. You are also asking for the court to award each of you the bank accounts that you have in your own names?

A. Yes.

Q. Any other retirement accounts related to your employment for each of you?

A. Yes.

Q. Any --

THE COURT: Those go to the person whose

name they are in?

MS. WIGINGTON:  Yes, Your Honor.

THE COURT:  Okay.

Q.    (By Ms. Wigington)  Any life insurance insuring either of your lives?

A.    Yes.

Q.    Any brokerage accounts, stocks, bonds, mutual funds in your own names would be ordered to the person whose name it is in?

A.    Yes.

Q.    And Mr. Ward would be awarded the 2014 Chevy Silverado that he currently has possession of?

A.    Yes.

Q.    And he'd also be awarded the debt thereon?

A.    Yes.

Q.    And then you would be ordered the same things that we have gone through in your own names?

A.    Yes.

Q.    For debts:  Each of you will take your own debts in your own name?

A.    Yes.

Q.    Specifically, though, Mr. Ward has debts that he owes for taxes prior to marriage?

A.    Yes.

Q.    And those should be confirmed as his separate

debt for prior to marriage?

A. Yes.

Q. And you are -- actually each of you will take -- I think we went over this -- the debts in your own name or anything that you incurred solely since your separation?

A. Yes.

Q. You are asking for tax purposes for 2015 and 2016 that you be each ordered to file separately but married?

A. Yes.

Q. And partition your incomes as such?

A. Yes.

Q. And then for 2017, you would be ordered to each file individually as though you were divorced on January 1st, 2017?

A. Yes.

Q. I'm sorry, it would probably be December 31st of 2016 so that all of 2017 would be partitioned.

And you're asking for the court to confirm as your separate property your current residence, which is 958 Coyote Ridge in Spring Branch?

A. Yes.

Q. Two four-wheelers, a 2013 Dodge Challenger, 2004 F-250 Ford truck, your residence and real property,

furniture and fixtures located at 1315 Modaff,
M-o-d-a-f-f, Road C11, in Naperville, Illinois?

A. Yes.

Q. Also two donkeys and a 2001 Harley Davidson
1200 custom motorcycle?

A. Yes.

Q. And were all of those either owned prior to
marriage or purchased during marriage with your separate
property funds?

A. Yes.

Q. You are asking that Mr. Ward be ordered to
appear at our offices by May 31st to sign the title to a
Honda four-by-four also?

A. Yes.

Q. And then you are asking for a judgment for
reimbursement for claims you have against Mr. Ward for
loans that you made to him in the amount of $19,443.12?

A. Yes.

Q. And those represent payments that you made on
his behalf for a Toyota truck?

A. Yes.

Q. For insurance for that truck, for four-wheeler
payments?

A. Yes.

Q. Lawyer's fees that you spent on his behalf as a

loan?

A. Yes.

Q. Back taxes that he owed that you paid for him as a loan?

A. Yes.

Q. Expenses that he agreed were loans for the benefit of his children?

A. Yes.

Q. That were not your children. Correct?

A. Yes.

Q. Okay. Part of a deductible for a wreck that he was in that he was supposed to pay?

A. Yes.

Q. Medical insurance that he agreed he would repay to you?

A. Yes.

Q. And a propane bill that he asked you to put in your name but also agreed to repay to you?

A. Yes.

Q. And are you asking the court to formally change your name back to Suzanne Banowsky McCaskill?

A. Yes.

Q. And that is middle name B-a-n-o-w-s-k-y?

A. Yes.

Q. And last name M-c-C-a-s-k-i-l-l?

A.   Yes.

Q.   And are you asking the court to grant your divorce?

A.   Yes.

THE COURT:   Did you use a non-military affidavit and a certificate of last known address?

MS. WIGINGTON:   I will get those filed today, Your Honor.

THE COURT:   Okay.   All right.

MS. WIGINGTON:   I can ask my client on the record too.

Q.   (Ms. Wigington)   From your understanding, is Mr. Ward in the military?

A.   No.

Q.   To your understanding, has he ever been in the military?

A.   No.

Q.   And the last known address provided by his counsel was the 958 Coyote Ridge in Spring Branch?

A.   Yes.

THE COURT:   Okay.   I find that I have subject matter jurisdiction, jurisdiction over the parties.   That the respondent, although duly served and having previously appeared, has wholly defaulted after his lawyer withdrew.   The default judgment is granted

and rendered, find he is not in the military and all the relief sought is fair and granted.  Name change is granted.

MS. WIGINGTON:  Thank you, Your Honor.

THE COURT:  Good luck.

MARY SCOPAS, RPR, CSR 5313    (830) 221-1278
Serving Comal, Hays and Caldwell Counties

14

REPORTER'S CERTIFICATE

THE STATE OF TEXAS        )
COUNTY OF COMAL           )

I, Mary Scopas, Official Court Reporter in and for the District Court of Comal County, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel for the parties to be included in this volume of the Reporter's Record, in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, admitted by the respective parties.

I further certify that the total cost for the preparation of this Reporter's Record is $75 and was paid by _____.

WITNESS MY OFFICIAL HAND this the 18th day of September, 2017.


\s\ Mary Scopas_____
Mary Scopas, RPR, CSR
CSR #5313 - Expiration Date: 12/31/18
RPR #812407 - Expiration Date: 09/30/19
150 North Seguin Avenue, Suite 317
New Braunfels, Texas 78130

FILED FOR RECORD
At 9:52 o'clock A M

APR 2 6 2017

HEATHER N. KELLAR
CLERK DISTRICT COURT
COMAL COUNTY, TEXAS
BY_____ DEPUT

NO. C2015-1012C

| IN THE MATTER OF | § | IN THE DISTRICT COURT |
| THE MARRIAGE OF | § | |
| | § | |
| SUZANNE BANOWSKY MCCASKILL | § | ___ JUDICIAL DISTRICT |
| | § | |
| AND | § | |
| RANDAL BARRETT WARD | § | COMAL COUNTY, TEXAS |

## FINAL DECREE OF DIVORCE

On 4/26/17 the Court heard this case.

*Appearances*

Petitioner, Suzanne Banowsky McCaskill, also known as Suzanne Banowsky Ward, appeared in person and through attorney of record, Deborah L. Wigington, and announced ready for trial.

Respondent, Randal Barrett Ward, has made a general appearance but after proper notice, has failed to appear for trial.

*Record*

The record of testimony was duly reported by the court reporter for the 207th Judicial District Court.

*Jurisdiction and Domicile*

The Court finds that the pleadings of Petitioner are in due form and contain all the allegations, information, and prerequisites required by law. The Court, after receiving evidence, finds that it has jurisdiction of this case and of all the parties and that at least sixty days have elapsed since the date the suit was filed.

The Court further finds that, at the time this suit was filed, Petitioner had been a domiciliary of Texas for the preceding six-month period and a resident of the county in which

this suit was filed for the preceding ninety-day period. All persons entitled to citation were properly cited.

*Jury*

A jury was waived, and questions of fact and of law were submitted to the Court.

*Divorce*

IT IS ORDERED AND DECREED that Suzanne Banowsky McCaskill, Petitioner, and Randal Barrett Ward, Respondent, are divorced and that the marriage between them is dissolved on the ground of insupportability.

*Child of the Marriage*

The Court finds that there is no child of the marriage of Petitioner and Respondent and that none is expected.

*Division of Marital Estate*

The Court finds that the following is a just and right division of the parties' marital estate, having due regard for the rights of each party.

<u>Property to Husband</u>

IT IS ORDERED AND DECREED that the husband, is awarded the following as his sole and separate property, and the wife is divested of all right, title, interest, and claim in and to that property:

H-1.    All household furniture, furnishings, fixtures, goods, art objects, collectibles, appliances, equipment, and firearms in the possession of the husband or subject to his sole control excluding the following that is awarded to wife: Mauser rifle with scope, chainsaw, iPad, custom rifle with scope, wife's Lucchese boots.

H-2.    All clothing, jewelry, and other personal effects in the possession of the husband

or subject to his sole control.

H-3.   All sums of cash in the possession of the husband or subject to his sole control, including funds on deposit, together with accrued but unpaid interest, in banks, savings institutions, or other financial institutions, which accounts stand in the husband's sole name or from which the husband has the sole right to withdraw funds or which are subject to the husband's sole control.

H-4.   All sums, whether matured or unmatured, accrued or unaccrued, vested or otherwise, together with all increases thereof, the proceeds therefrom, and any other rights related to any profit-sharing plan, retirement plan, Keogh plan, pension plan, employee stock option plan, 401(k) plan, employee savings plan, accrued unpaid bonuses, disability plan, or other benefits existing by reason of the husband's past, present, or future employment.

H-5.   All individual retirement accounts, simplified employee pensions, annuities, and variable annuity life insurance benefits in the husband's name.

H-6.   All policies of life insurance (including cash values) insuring the husband's life.

H-7.   All brokerage accounts, stocks, bonds, mutual funds, and securities registered in the husband's name, together with all dividends, splits, and other rights and privileges in connection with them.

H-8.   The 2014 Chevrolet Silverado motor vehicle, together with all prepaid insurance, keys, and title documents and debt thereon.

Property to Wife

IT IS ORDERED AND DECREED that the wife, is awarded the following as her sole and separate property, and the husband is divested of all right, title, interest, and claim in and to that property:

W-1. All household furniture, furnishings, fixtures, goods, art objects, collectibles, appliances, and equipment in the possession of the wife or subject to her sole control and the following items in possession of the husband: Mauser rifle with scope, chainsaw, iPad, custom rifle with scope, wife's Lucchese boots.

W-2. All clothing, jewelry, and other personal effects in the possession of the wife or subject to her sole control.

W-3. All sums of cash in the possession of the wife or subject to her sole control, including funds on deposit, together with accrued but unpaid interest, in banks, savings institutions, or other financial institutions, which accounts stand in the wife's sole name or from which the wife has the sole right to withdraw funds or which are subject to the wife's sole control.

W-4. The sums, whether matured or unmatured, accrued or unaccrued, vested or otherwise, together with all increases thereof, the proceeds therefrom, and any other rights related to any profit-sharing plan, retirement plan, Keogh plan, pension plan, employee stock option plan, 401(k) plan, employee savings plan, accrued unpaid bonuses, disability plan, or other benefits existing by reason of the wife's past, present, or future employment.

W-5. The individual retirement accounts, simplified employee pensions, annuities, and variable annuity life insurance benefits in the wife's name.

W-6. All policies of life insurance (including cash values) insuring the wife's life.

W-7. All brokerage accounts, stocks, bonds, mutual funds, and securities registered in the wife's name, together with all dividends, splits, and other rights and privileges in connection with them.

Division of Debt

<u>Debts to Husband</u>

IT IS ORDERED AND DECREED that the husband shall pay, as a part of the division of the estate of the parties, and shall indemnify and hold the wife and her property harmless from any failure to so discharge, these items:

H-1. The balance due, including principal, interest, and all other charges, on the promissory note given as part of the purchase price of and secured by a lien on the 2014 Chevrolet Silverado motor vehicle awarded to husband.

H-2. The following debts, charges, liabilities, and obligations:

a. all debts, charges, liabilities, and obligations solely in husband's name.

b. All tax liability for years prior to marriage.

H-3. All debts, charges, liabilities, and other obligations incurred solely by the husband from and after June 18, 2015 unless express provision is made in this decree to the contrary.

H-4. Debt owed to wife in the amount of nineteen thousand, four hundred and forty-three dollars and twelve cents ($19,443.12).

<u>Debts to Wife</u>

IT IS ORDERED AND DECREED that the wife, shall pay, as a part of the division of the estate of the parties, and shall indemnify and hold the husband and his property harmless from any failure to so discharge, these items:

W-1. All debts, charges, liabilities, and other obligations incurred solely by the wife from and after June 18, 2015 unless express provision is made in this decree to the contrary.

<u>Notice</u>

IT IS ORDERED AND DECREED that each party shall send to the other party, within three days of its receipt, a copy of any correspondence from a creditor or taxing authority

concerning any potential liability of the other party.

*Judgment*

IT IS ORDERED that Petitioner, Suzanne Banowsky McCaskill entitled to reimbursement from Randal Barrett Ward, and therefore, IT IS ORDERED that Suzanne Banowsky McCaskill is granted a judgment against Respondent of nineteen thousand, four hundred and forty-three dollars and twelve cents ($19,443.12) such judgment bearing interest at 6 percent simple interest per year from the date this order is signed, for which let execution issue.

Liability for Federal Income Taxes for Prior Year

The Court ORDERS the following for prior tax years:

For the tax year 2015 and 2016, for the purposes of determining income tax liability, the parties will partition 100 percent of the income, gain, loss, and deductions attributable to a party from that party's individual labor, that party's individual efforts, and file married but separate. The partition further assigns to a party any exemptions, exclusions, estimated tax payments, and withholdings made by that party or for his or her benefit from date of marriage through December 31, 2016. The parties further agree that any tax payments and any payments that are tax deductible are assigned to the party who made those payments.

Randal Barrett Ward will report 100 percent of his income, withholdings, prepayments, and deductions and none of Suzanne Banowsky McCaskill's income, withholdings, prepayments, and deductions. Randal Barrett Ward will be entitled to receive 100 percent of any refund for which he might be entitled on his 2015 and 2016 federal income tax return. Randal Barrett Ward will pay 100 percent of any liability shown on his 2015 and 2016 federal income tax return.

Suzanne Banowsky McCaskill will report 100 percent of her income, withholdings, prepayments, and deductions and none of Randal Barrett Ward income, withholdings,

prepayments, and deductions. Suzanne Banowsky McCaskill will be entitled to receive 100 percent of any refund for which she might be entitled on her 2015 and 2016 federal income tax return. Suzanne Banowsky McCaskill will pay 100 percent of any liability shown on her federal income tax return.

For calendar years 2015 and 2016, each party will indemnify and hold the other party and his or her property harmless from any tax liability associated with the reporting party's individual tax return for that year unless the parties have agreed to allocate their tax liability in a manner different from that reflected on their returns.

The parties agree that nothing contained herein shall be construed as or is intended as a waiver of any rights that a party has under the "Innocent Spouse" provisions of the Internal Revenue Code.

Treatment/Allocation of Community Income for Year of Divorce

The Court hereby ORDERS the following for year of divorce:

For the purposes of determining income tax liability, the parties are Ordered to partition 100 percent of the income, gain, loss, and deductions attributable to a party from that party's individual labor, that party's individual efforts, or the property awarded in this agreement to that party, as his or her sole and separate property, as if that party had been single and unmarried from January 1, 2017, through the date of divorce. The partition further assigns to a party any exemptions, exclusions, estimated tax payments, and withholdings made by that party or for his or her benefit from January 1, 2017, through the date of divorce, as if the same were that party's separate property. For purposes of determining income tax liability, any property awarded to a party in this agreement shall be deemed to have been partitioned to that party and have been that party's separate property as of January 1, 2017, and thereafter. IT IS ORDERED that any tax payments and any payments that are tax deductible are assigned to the party who made those

payments.

For calendar year 2017, each party will file an individual income tax return in accordance with the Internal Revenue Code.

Randal Barrett Ward will report 100 percent of his income, withholdings, prepayments, and deductions and none of Suzanne Banowsky McCaskill's income, withholdings, prepayments, and deductions. Randal Barrett Ward will be entitled to receive 100 percent of any refund for which he might be entitled on his 2017 federal income tax return. Randal Barrett Ward will pay 100 percent of any liability shown on his 2017 federal income tax return.

Suzanne Banowsky McCaskill will report 100 percent of her income, withholdings, prepayments, and deductions and none of Randal Barrett Ward income, withholdings, prepayments, and deductions. Suzanne Banowsky McCaskill will be entitled to receive 100 percent of any refund for which she might be entitled on her 2017 federal income tax return. Suzanne Banowsky McCaskill will pay 100 percent of any liability shown on her 2017 federal income tax return.

For calendar year 2017, each party will indemnify and hold the other party and his or her property harmless from any tax liability associated with the reporting party's individual tax return for that year unless the parties have agreed to allocate their tax liability in a manner different from that reflected on their returns.

Each party will furnish such information to the other party as is requested to prepare federal income tax returns for 2017 within thirty days of receipt of a written request for the information, and in no event will the available information be exchanged later than March 1, 2018. As requested information becomes available after that date, it will be provided within ten days of receipt.

Each party will pay for the preparation of his or her return for 2017.

IT IS ORDERED AND DECREED that all payments made to the other party in accordance with the allocation provisions for payment of federal income taxes contained in this Final Decree of Divorce are not deemed income to the party receiving those payments but are part of the property division and necessary for a just and right division of the parties' estate.

Confirmation of Separate Property

IT IS ORDERED AND DECREED that the following described property is confirmed as the separate property of Suzanne Banowsky McCaskill: the residence and real property and all furniture and fixtures contained therein located at 958 Coyote Ridge Dr., Spring Branch, Texas, two four-wheelers, 2013 Dodge Challenger, 2004 F-250 Ford, the residence and real property and all furniture and fixtures contained therein located at 1315 Modaff Rd., C-11, Naperville, Illinois, 2 donkeys, 2001 Harley Davidson 1200 Custom motorcycle.

Respondent, Randal Barrett Ward is ORDERED to appear at the law office of Deborah Linnartz Wigington, 140 S. Walnut, New Braunfels, Texas 78130 by 5:00 p.m. on May 31, 2017 to sign the title to the Honda 4X4.

No Alimony

IT IS ORDERED AND DECREED that no provision of this decree shall be construed as alimony under the Internal Revenue Code, except as this decree expressly provides for payment of maintenance or alimony under the Internal Revenue Code.

*Court Costs*

IT IS ORDERED AND DECREED that costs of court are to be borne by the party who incurred them.

*Discharge from Discovery Retention Requirement*

IT IS ORDERED AND DECREED that the parties and their respective attorneys are discharged from the requirement of keeping and storing the documents produced in this case in accordance with rule 191.4(d) of the Texas Rules of Civil Procedure.

*Indemnification*

Each party represents and warrants that he or she has not incurred any outstanding debt, obligation, or other liability on which the other party is or may be liable, other than those described in this decree. Each party agrees and IT IS ORDERED that if any claim, action, or proceeding is hereafter initiated seeking to hold the party not assuming a debt, an obligation, a liability, an act, or an omission of the other party liable for such debt, obligation, liability, act or omission of the other party, that other party will, at his or her sole expense, defend the party not assuming the debt, obligation, liability, act, or omission of the other party against any such claim or demand, whether or not well founded, and will indemnify the party not assuming the debt, obligation, liability, act, or omission of the other party and hold him or her harmless from all damages resulting from the claim or demand.

Damages, as used in this provision, includes any reasonable loss, cost, expense, penalty, and other damage, including without limitation attorney's fees and other costs and expenses reasonably and necessarily incurred in enforcing this indemnity.

IT IS ORDERED that the indemnifying party will reimburse the indemnified party, on demand, for any payment made by the indemnified party at any time after the entry of the divorce decree to satisfy any judgment of any court of competent jurisdiction or in accordance with a bona fide compromise or settlement of claims, demands, or actions for any damages to which this indemnity relates.

The parties agree and IT IS ORDERED that each party will give the other party prompt

written notice of any litigation threatened or instituted against either party that might constitute the basis of a claim for indemnity under this decree.

*Name Change*

IT IS ORDERED that Suzanne Banowsky McCaskill, also known as Suzanne Banowsky Ward, is granted a name change to Suzanne Banowsky McCaskill.

*Clarifying Orders*

Without affecting the finality of this Final Decree of Divorce, this Court expressly reserves the right to make orders necessary to clarify and enforce this decree.

*Relief Not Granted*

IT IS ORDERED AND DECREED that all relief requested in this case and not expressly granted is denied. This is a final judgment, for which let execution and all writs and processes necessary to enforce this judgment issue. This judgment finally disposes of all claims and all parties and is appealable.

*Date of Judgment*

SIGNED on _____4-26-17_____.

_____
JUDGE PRESIDING

APPROVED AS TO FORM ONLY:

DEBORAH LINNARTZ WIGINGTON
& ASSOCIATES, PLLC
140 S. Walnut Ave.
New Braunfels, Texas 78130
Tel: 830-627-7300
Fax: 1-866-706-8765

By:_____

STATE OF TEXAS
COUNTY OF COMAL
I certify this to be a true and correct copy of the record FILED & RECORDED in the Official Court records of District Court on this date and time stamped thereon.

Heather N. Kellar
Comal County District Clerk
By:_____

Deborah L. Wigington
Attorney for Petitioner
State Bar No. 24036971
deb@dlwlawfirm.com


APPROVED AND CONSENTED TO AS TO BOTH FORM AND SUBSTANCE:


_____
Petitioner