

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00123-CV

**ONE HUNDRED SEVENTY-ONE THOUSAND ONE HUNDRED AND 00/100 ($171,100.00) IN U.S. CURRENCY** and One (1) 2012 Volkswagen Jetta, VIN#3VWDP7AJ9CM333910,
Appellant

v.

The **STATE** of Texas, Appellee

From the 79th Judicial District Court, Jim Wells County, Texas
Trial Court No. 15-02-54230
Honorable Richard C. Terrell, Judge Presiding

Opinion by:     Rebeca C. Martinez, Justice

Sitting:        Rebeca C. Martinez, Justice
                Irene Rios, Justice
                Beth Watkins, Justice

Delivered and Filed: April 17, 2019

REVERSED AND REMANDED

This is an appeal from a post-answer default judgment rendered in favor of the State of Texas.  Appellant Mirsha Contla presents two issues on appeal asserting the trial court erred in: (1) denying her motion for continuance; and (2) allowing her motion for new trial to be overruled by operation of law.  We sustain Contla's second issue, reverse the trial court's judgment and remand the cause for further proceedings.

**BACKGROUND**

Contla was driving a 2012 Volkswagen Jetta when she was stopped by Detective Robert Waldrop for a traffic violation. While searching Contla's vehicle, Detective Waldrop discovered $171,000 in U.S. currency. On February 19, 2015, the State filed an original petition and notice of seizure and intended forfeiture of the vehicle Contla was driving and the currency that was seized. Contla timely filed an answer denying the allegations.

On June 22, 2016, the trial court sent Contla and the State notice of a hearing that was set for August 8, 2016. On July 7, 2016, Contla filed her first motion for continuance. The trial court granted Contla's first motion for continuance on August 8, 2016 and reset the hearing to October 24, 2016. On October 26, 2016, the trial court reset the hearing to December 15, 2016.[1]

On December 13, 2016, Contla filed a second motion for continuance. Contla's motion stated her attorney was a member of the Texas Legislature and the date of the hearing conflicted with his legislative obligations. The trial court granted the continuance and reset the hearing to July 19, 2017.

On July 11, 2017, Contla filed a third motion for continuance also based on her attorney's legislative obligations. The trial court granted the third motion for continuance and reset the hearing to November 30, 2017.

On November 27, 2017, Contla filed a fourth motion for continuance stating her attorney was scheduled to appear in federal court on November 30, 2017. Although the motion was not initially verified, an amended, verified fourth motion for continuance was filed on November 28, 2017. The amended fourth motion for continuance also included a certificate of conference stating

---

[1] It is not clear from the record why the hearing was reset for December 15, 2016.

that Contla's attorney had conferred with the State's attorney, and the State did not object to the motion for continuance.

On November 29, 2017, the trial court contacted the federal court to verify whether Contla's attorney was the attorney of record in a hearing that conflicted with the hearing set in the trial court. The federal court staff informed the trial court Contla's attorney was not shown as the attorney of record. At that time, the information was accurate because a motion to substitute counsel, filed by Contla's attorney on November 29, 2017, was not granted by the federal court until November 30, 2017. The trial court did not rule on the fourth motion for continuance prior to the hearing on November 30, 2017, and Contla's attorney did not ask the court for a hearing on this motion.

On November 30, 2017, the trial court called the case to be heard. The State was present and announced ready to proceed. Neither Contla nor her attorney were present. The trial court received a phone message from Contla stating her car had broken down but her attorney was on his way. Although the trial court was informed of the purported appearance by Contla's attorney in federal court, the trial court was unable to confirm Contla's attorney was the attorney of record in the federal court case. The trial court noted the hearing in the forfeiture case had been scheduled "for a while." The State announced it was ready to proceed, and the trial court denied Contla's fourth motion for continuance. After the State presented evidence in support of its forfeiture petition, the trial court granted a post-answer default judgment in favor of the State. On December 20, 2017, Contla filed a motion for new trial, which was overruled by operation of law. *See* TEX. R. CIV. P. 329b(c). Contla appeals.

### MOTION FOR CONTINUANCE

Whether a motion for continuance should be granted "rests within the sound discretion of the trial judge." *Hernandez v. Heldenfels*, 374 S.W.2d 196, 202 (Tex. 1963). "The exercise of

such discretion will not be disturbed on appeal unless the record discloses a clear abuse of discretion." *State v. Wood Oil Distrib., Inc.*, 751 S.W.2d 863, 865 (Tex. 1988) (citing *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986)). "A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles." *Walker v. Gutierrez*, 111 S.W.3d 56, 62 (Tex. 2003).

The court may grant a motion for continuance for good cause. TEX. R. CIV. P. 251. Counsel's absence will generally "not be good cause for a continuance or postponement of the cause when called for trial, except it [may] be allowed in the discretion of the court, upon cause shown or upon matters within the knowledge or information of the judge [and that information is] stated on the record." TEX. R. CIV. P. 253.

The record shows Contla filed four motions for continuance during the pendency of the case. In response to the fourth motion, the trial court investigated the assertion that Contla's attorney had a setting in federal court that conflicted with the trial court's setting. Because Contla's attorney did not file his motion to substitute counsel until two days after he filed the fourth motion for continuance, the trial court was informed Contla's attorney was not the attorney of record; therefore, Contla did not show good cause for why the continuance should be granted. *See* TEX. R. CIV. P. 251, 253; *see also Wood Oil Distrib., Inc.*, 751 S.W.2d at 865 (holding the trial court did not abuse its discretion when the denial of a motion for continuance was due to a risk taken by counsel in his own time management).

Accordingly, the trial court did not abuse its discretion in denying Contla's fourth motion for continuance. Contla's first issue is overruled.

### MOTION FOR NEW TRIAL

We must next determine whether the trial court abused its discretion in not granting Contla's motion for new trial. When a motion for new trial is overruled by operation of law, we

must determine whether the trial court abused its discretion in allowing the motion to be overruled. *Bank One of Tex., N.A. v. Moody*, 830 S.W.2d 81, 85 (Tex. 1992). The trial court does not abuse its discretion unless the defaulting party establishes all three elements of the test set forth in *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124 (Tex. 1939). *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 926 (Tex. 2009) (per curiam). Under *Craddock* and its progeny, a default judgment should be set aside when the defaulting party establishes: (1) the failure to appear was not intentional or the result of conscious indifference, but rather the result of accident or mistake; (2) the motion for new trial sets up a meritorious defense; and (3) granting the motion will occasion no undue delay or otherwise injure the party taking the default judgment. *Id.* at 925 (citing *Craddock*, 133 S.W.2d at 126). "The historical trend in default judgment cases is toward the liberal granting of new trials." *Tex. Sting, Ltd. v. R.B. Foods, Inc.*, 82 S.W.3d 644, 650 (Tex. App.—San Antonio 2002, pet. denied). *Craddock* has been extended to include post-answer default judgments. *Lerma*, 288 S.W.3d at 925–26. Thus, where the elements of the *Craddock* test are satisfied, the trial court abuses its discretion in denying a motion for new trial. *Id.*

### 1. *Failure to Appear*

"A defendant satisfies its burden as to the first *Craddock* element when its factual assertions, if true, negate intentional or consciously indifferent conduct by the defendant and the factual assertions are not controverted by the plaintiff." *Sutherland v. Spencer*, 376 S.W.3d 752, 755 (Tex. 2012) (citing *In re R.R.*, 209 S.W.3d 112, 115 (Tex. 2006)). It has been established that "some excuse, although not necessarily a good one, will suffice to show that a defendant's failure to file an answer was not [due to conscious indifference]." *Sutherland*, 376 S.W.3d at 755. Furthermore, "[a] failure to appear is not intentional or due to conscious indifference within the meaning of the rule merely because it is deliberate; it must also be without adequate justification." *Smith v. Babcock & Wilcox Constr. Co.*, 913 S.W.2d 467, 468 (Tex. 1995).

Here the record contains evidence negating that Contla's failure to appear was intentional or the result of conscious indifference. In her motion for new trial, Contla presented the trial court with: (1) evidence of Contla's phone call to the court indicating she could not appear because her vehicle broke down; (2) her attorney's motion to substitute counsel in the federal court case; (3) an affidavit from her attorney stating he was in federal court on the day of the trial court setting; and (4) affidavits from the attorney's office staff attesting to their efforts to have an attorney appear on Contla's behalf when they discovered the fourth motion for continuance was denied. "Consciously indifferent conduct occurs when 'the defendant knew it was sued but did not care.'" *Sutherland*, 376 S.W.3d at 755 (quoting *Fid. & Guar. Ins. Co. v. Drewery Constr. Co., Inc.*, 186 S.W.3d 571, 576 (Tex. 2006)). Although the record demonstrates Contla's attorney mistakenly assumed the fourth motion for continuance would be granted, his filing of the motion, his efforts to obtain the State's consent to the motion, and affidavits establishing he did appear in federal court on November 30, 2017, show that he did not act with conscious indifference but was making a good faith effort to represent two different clients who had hearings at the same time. "The courts have applied the first prong of the *Craddock* test liberally, considering each case on an ad hoc basis. The controlling fact under the first prong's analysis is the absence of a purposeful or bad faith failure to appear." *Tex. Sting, Ltd.*, 82 S.W.3d at 650. In a similar case, the Texas Supreme Court held:

> The Smiths' attorney reasonably explained his failure to appear for trial. He was actually in trial in another county and believed, based upon his credible explanation, that the court would grant a continuance for that reason. Even if Smiths' attorney was not as conscientious as he should have been, his actions did not amount to conscious indifference.

*Smith*, 913 S.W.2d at 468. Although Contla's attorney made a mistake in assuming the fourth motion for continuance would be granted, under the court's liberal interpretation of the first prong of *Craddock*, the failure to appear does not rise to the level of conscious indifference. *Smith*,

913 S.W.2d at 468; *see also Moody*, 830 S.W.3d at 84 (finding "an accident or mistake may negate intentional or consciously indifferent conduct").

### 2. *Meritorious Defense*

The second prong of the *Craddock* test requires Contla to set up a meritorious defense in her motion for new trial. *Lerma*, 288 S.W.3d at 927. "The motion sets up a meritorious defense if it alleges facts which in law would constitute a defense to the plaintiff's cause of action and is supported by affidavits or other evidence providing prima facie proof that the defendant has such a defense. *Id.* at 928. *Craddock* "does not require [p]roof of a meritorious defense in the accepted sense to entitle one to a new trial after default; the motion should be granted if it 'sets up a meritorious defense.'" *Ivy v. Carrell*, 407 S.W.2d 212, 214 (Tex. 1966). "Setting up a meritorious defense is determined based on the facts alleged in the movant's motion and supporting affidavits, regardless of whether those facts are controverted." *Dir., State Emps. Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 270 (Tex. 1994). "It is sufficient that the movant's motion and affidavits set forth facts which in law would constitute a meritorious defense." *Id.* We look only at Contla's motion for new trial and the supporting affidavits to determine whether she set up a meritorious defense under the second prong of *Craddock*. *Id.*

In her motion for new trial, Contla alleges that she is an innocent owner of the currency because it "was lawfully gained through legitimate auto sales." This allegation, if true, would set up a meritorious defense to the forfeiture proceedings. *See* TEX. CODE CRIM. PROC. art. 59.02(c). Contla supports this assertion with her affidavit when she swears that "the foregoing statements" in the motion for new trial are within her personal knowledge and are true. Contla's affidavit may not be proof in the accepted sense, but it does set up a meritorious defense. *See Estate of Pollack v. McMurrey*, 858 S.W.2d 388, 392–93 (Tex. 1993) (holding affidavits were sufficient to support a meritorious defense in satisfaction of *Craddock*'s second prong).

### 3. *No Undue Delay or Injury*

The third requirement of the *Craddock* test is that the motion granting a new trial will not occasion undue delay or otherwise injure the State. *Craddock*, 133 S.W.2d at 126. "Once a defendant has alleged that granting a new trial will not injure the plaintiff, the burden of going forward with proof of injury shifts to the plaintiff." *Evans*, 889 S.W.2d at 270. "The purpose of the third element of the *Craddock* test, however, is to protect a plaintiff against the sort of undue delay or injury that would result in a disadvantage when presenting the merits of the case at a new trial." *Lerma*, 288 S.W.3d at 929.

Here, Contla has alleged that a new trial will not cause the State injury or undue delay because the assets under forfeiture are currently being held by the State. Further, the State has not met its burden of showing harm because it has not provided any proof of injury. *See id.* (holding respondent did not show undue delay or injury when it did not allege a specific injury).

### 4. *Conclusion*

Because Contla satisfied all three requirements of the *Craddock* test, we hold that the trial court abused its discretion in allowing Contla's motion for new trial to be overruled by operation of law. This holding is in accord "with the policy that 'an adjudication on the merits is preferred in Texas.'" *Sutherland*, 376 S.W.3d at 756 (quoting *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 86 (Tex. 1992)). Therefore, we sustain Contla's second issue.

### CONCLUSION

Because we hold the trial court erred in allowing Contla's motion for new trial to be overruled by operation of law, we reverse the judgment of the trial court and remand the cause to the trial court for further proceedings.

Rebeca C. Martinez, Justice